Opinion issued May 25, 2006















In The
Court of Appeals
For The
First District of Texas




NOS. 01–05–00409–CR
          01–05–00410–CR




JAMES ANTHONY CAIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause Nos. 1009837 & 1017253




MEMORANDUM OPINION

          Appellant, James Anthony Cain, appeals his convictions on two charges. In 
trial court cause number 1009837 (appellate cause number 01–05–00409–CR),
appellant was convicted of aggravated assault


 and sentenced to 30 years
confinement. In trial court cause number 1017253 (appellate cause number
01–05–00410–CR), appellant was convicted of unlawful possession of a firearm


 and
sentenced to 35 years confinement. The trial court ordered the sentences to run
concurrently.
          In appellate cause number 01–05–00409–CR, appellant argues in two points
of error that the evidence presented at trial was legally and factually insufficient to
support his conviction for aggravated assault. In appellate cause number
01–05–00410–CR, appellant argues in four points of error that the evidence presented
at trial was legally and factually insufficient to support his conviction for unlawful
possession of a firearm because (1) the evidence incriminating appellant was not
credible and (2) the State failed to prove that the alleged possession did not take place
at the location where appellant lives. 
          We affirm. 
Factual Background
          On the evening of June 4, 2004, two groups of young men confronted each
other in the parking lot of a grocery store in appellant’s neighborhood. Appellant’s
son, Jonathan Cain, was a member of one of the groups.


 The other group was
comprised of two brothers, Jarrold and Kirk Wolridge, Dante Thomas, and Malcolm
Fields. An ensuing fist fight between the two groups resulted in some minor injuries
to Jonathan Cain.
          Shortly after the fight, Officer K. Wagner of the Houston Police Department
responded to a call that Jonathan Cain had been assaulted. On his way to Jonathan’s
house, at 4228 Sayers, Officer Wagner came across Shemell Dixon


 and arrested him
on suspicion of involvement in Jonathan’s assault. Jonathan told Officer Wagner that
the boys who assaulted him had taken his earrings and shorts. As a result of his
investigation, Officer Wagner arrested Shemell, Jarrold, and Kirk and held them on
suspicion of robbery. While he was in custody, Shemell told Officer Wagner about
a shooting. At that time, Officer Wagner did not believe Shemell’s story.
          Officer S. J. Anderson, of the Robbery Division, took over the investigation
and interviewed those involved in the confrontation and ensuing fight. Jonathan
admitted to Officer Anderson that he had provided false information regarding his
name, date of birth, and address. In addition, he told Officer Anderson that he did not
lose two earrings, but that he was missing one that came off during the fight. He
stated that he wanted to drop the robbery charges against Shemell, Jarrold, and Kirk. 
The three were released from custody without being charged. 
          Based on the version of events given by Shemell, Jarrold, Kirk, Dante Thomas,
and Malcolm Fields, what had begun as a robbery investigation became an aggravated
assault investigation. According to Jarrold and the others, after the fight the group
walked to a nearby basketball court to play basketball. Shortly after their arrival
there, a blue Jeep Cherokee approached and stopped near the basketball court. 
Someone in the Cherokee pointed to the group playing basketball and said, “There
they go right there.” Appellant, who was driving, got out of the vehicle holding a
handgun and said, “Y’all want to fight?” Appellant then pointed the gun at Kirk and
the other boys and began shooting. The boys ran, and no one was hit by the gunfire.
          Appellant was charged with one count of aggravated assault and one count of
unlawful possession of a firearm. At trial, Jarrold, Kirk, Dante, and Malcolm all
testified in open court that while they were at the basketball court a blue Jeep
Cherokee approached and stopped nearby and that appellant got out the car and fired
a handgun multiple times in their direction. They all testified in open court that they
identified appellant as the shooter from photospreads shown to them by investigators.
In addition, Shemell identified appellant as the shooter in open court.


 The State also
presented two witnesses not connected to the incident, one of whom testified that he
saw appellant with a handgun near the place and time of the shooting. The other
witness testified that he heard gunshots around the corner from where the shooting
occurred. 
          For the defense, Jonathan and Latanya Cain, appellant’s son and sister, testified
that neither of them saw appellant possess or shoot a handgun at any time on the night
of the incident. Another defense witness, who lives near the location where the
incident occurred, testified that he did not hear any gun shots on the night of the
incident. Appellant did not testify. 
Sufficiency of the Evidence
          In his first two points of error in the aggravated assault conviction, appellant
challenges his convictions on both legal and factual sufficiency of the evidence
grounds. 
Legal Sufficiency
          In a legal-sufficiency review, the appellate court views the evidence in the light
most favorable to the verdict and determines whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 320, 99 S. Ct. 2781, 2789 (1979); King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000). The court must consider all the evidence at trial,
but the court may not re-weigh the evidence and substitute its own judgment for that
of the jury. King, 29 S.W.3d at 562. 
          In his first point of error, in appellate cause number 01–05–00409–CR,
appellant contends that the evidence was legally insufficient to support his conviction
for aggravated assault. He bases his legal sufficiency argument on a purported lack
of credibility of the State’s witnesses; the fact that Officer Wagner did not, at first,
believe Shemell’s story regarding the shooting, and the fact that the State did not
present any physical evidence at trial. 
          A person commits aggravated assault if he intentionally or knowingly threatens
another with imminent bodily injury and the person uses or exhibits a deadly weapon
during the commission of the assault. Tex. Pen. Code Ann. §§ 22.01(a), 22.02(a)
(Vernon Supp. 2005). Appellant was charged by indictment with intentionally and
knowingly threatening Kirk Wolridge with imminent bodily injury by using and
exhibiting a deadly weapon, namely, a firearm.
          At trial, the State presented five witnesses, including Kirk Wolridge, who all
testified that they saw appellant get out of a blue Jeep Cherokee and fire a handgun
at the group of boys Kirk was with. Jarrold Wolridge testified that appellant pointed
the gun at his brother Kirk just before he started firing. Kirk testified that he thought
he was going to be shot and that he was in fear of imminent bodily injury or death. 
          The State also presented witnesses not connected to the incident. George
Nealy, Jr., who lives in the same neighborhood, testified that on the night of the
incident, he heard gunshots around the corner from where the shooting allegedly
occurred. Damian Phillips, who also lives in the neighborhood, testified that on the
night of the shooting, he saw a man getting out of a blue or green Jeep Cherokee with
a handgun in a yard near where the shooting occurred. He testified that he identified
appellant out of a photospread as the man with the handgun, and he also identified
appellant in open court as the man with the handgun.
          Viewing the evidence in the light most favorable to the verdict, the State
proved the elements of aggravated assault beyond a reasonable doubt. Accordingly,
we conclude that the State presented legally sufficient evidence to support appellant’s
conviction for aggravated assault.
          We overrule appellant’s first point of error in cause number 01–05–00409–CR. 
Factual Sufficiency
          In his second point of error in appellate cause number 01–05–00409–CR,
appellant contends that the evidence was factually insufficient to support his
conviction for aggravated assault. Appellant supports his argument on the purported
lack of credibility of the witnesses, the fact that Officer Wagner did not initially
believe the story regarding the shooting, and the State’s lack of physical evidence.
          In conducting a factual-sufficiency review, the appellate court considers all of
the evidence in a neutral light and determines whether the jury was rationally justified
in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004). There are two ways in which evidence may be factually
insufficient. Id. at 484. First, the evidence supporting the verdict, standing alone,
may be too weak to support the finding of guilt beyond a reasonable doubt. Id. 
Second, in a case where there is both supporting and contrary evidence, the contrary
evidence may be so strong that the beyond-a-reasonable-doubt standard could not
have been met. Id.
          However, deference must be given to the jury verdict as well as to
determinations involving the credibility and demeanor of witnesses. Id. at 481; Cain
v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). The verdict may be set aside
only if the evidence supporting it is so weak as to render the verdict clearly wrong
and manifestly unjust. Zuniga, 144 S.W.3d at 481; Clewis v. State, 922 S.W.2d 126,
135 (Tex. Crim. App. 1996). A verdict is clearly wrong and manifestly unjust if it
shocks the conscience or clearly demonstrates bias. Zuniga, 144 S.W.3d at 481;
Clewis, 922 S.W.2d at 135. Moreover, the jury is the judge of the facts, and an
appellate court is not allowed to find facts or substitute its judgment for that of the
jury. Zuniga, 144 S.W.3d at 482. 
          Here, the State’s evidence consisted almost exclusively of eyewitness
testimony. As the sole judge of the weight of the evidence, the jury could choose to
believe all, some, or none of it. Moore v. State, 935 S.W.3d 124, 126 (Tex. Crim.
App.1996); Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). In
addition, a jury is permitted to believe or disbelieve any part of a witness’s testimony,
whether it be from a State or defense witness. Jones v. State, 984 S.W.2d 254, 258
(Tex. Crim. App. 1998). 
          The evidence is not too weak to support the finding of guilt beyond a
reasonable doubt. The State presented the testimony of five eyewitnesses who all
testified consistently as to the key facts: that appellant approached the group of boys
in a blue Jeep Cherokee, got out of the vehicle brandishing a handgun, and began
firing at the group. In addition, the State presented two witnesses, Damian Phillips
and George Nealy, Jr., not connected to the incident who offered corroborating
testimony.
          Appellant argues that the evidence is factually insufficient because Officer
Wagner did not initially believe the story regarding the shooting and the State did not
present any physical evidence. Officer Wagner testified that Jonathan told him that
the boys that assaulted him had taken his shorts and “do-rag” and that both of his
earrings had been pulled from his ears. He further testified that, while he had Shemell
in custody, Shemell began telling him about being shot at. At the time, Officer
Wagner was not interested in Shemell’s story because he thought that he was
investigating a robbery. He also testified that he did a cursory look through the
windows of the vehicle Shemell pointed out as having been involved in the shooting
and that he did not see any weapons. Officer Wagner also had a vague recollection
of having driven through the area where Shemell told him that the shooting had
occurred, but he did not find any evidence of the shooting. 
          Officer Anderson testified that when she conducted a telephone interview with
Jonathan, he admitted to her that he was missing only one earring that came off
during the fight. She also testified that Jonathan originally gave her false information
as to his name, date of birth, and address and that he subsequently admitted to lying
to her about that information. She stated that Jonathan told her that he wanted to drop
the robbery charges. Officer Anderson testified that she interviewed Jarrold, Dante,
and Malcolm and that they all identified appellant as the shooter from photospreads. 
          Although Officer Wagner did not initially believe that a shooting had occurred, 
it was reasonable for the jury to conclude, after hearing five witnesses testify, that a
shooting had taken place and that the entire investigation would change. Moreover,
although the State did not present any physical evidence of a shooting, the jury could
have chosen to believe the abundant eyewitness testimony of the crime. See Moore,
935 S.W.3d at 126. Thus, we conclude that the facts that Officer Wagner did not
initially believe that a shooting had occurred and that no physical evidence was
presented do not make the evidence factually insufficient.
          The defense also proffered the testimony of appellant’s son and sister, who
both testified that they did not see appellant possess or shoot a gun on the night in
question. However, both of these witnesses are closely related to appellant, and thus
the jury may have discredited their testimony. See Jones, 984 S.W.2d at 258. The
only other witness proffered by the defense testified simply that he did not hear any
gunfire on the night in question. It was up to the jury to decide whether this
testimony was credible and what weight to give to the testimony. Jaggers v. State,
125 S.W.3d 661, 671 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). A rational
jury could have found the testimony simply not credible, or it could have attributed
some other explanation to the fact that the witness did not hear any gunfire. 
Accordingly, we conclude that the contrary evidence is not so strong that the beyond-a-reasonable-doubt standard could not have been met. 
          We overrule appellant’s second point of error in appellate cause number
01–05–00409–CR. 
Unlawful Possession of a Firearm
          In his first and second points of error in appellate cause number
01–05–00410–CR, appellant argues that the evidence was legally and factually
insufficient to support a guilty verdict for unlawful possession of a firearm. 
Legal Sufficiency 
          A person commits the offense of unlawful possession of a firearm if the person
has been convicted of a felony and possesses a firearm at a location other than the
premises at which the person lives at the time. Tex. Pen. Code Ann. § 46.04
(Vernon Supp. 2005). The indictment alleges that appellant possessed a firearm after
having been convicted of a felony, namely burglary of a habitation, in the 185th
District Court of Harris County, Texas, in cause number 9427983 on February 10,
1995, and that the possession of a firearm occurred at a location other than the
premises at which he lived at the time. At trial, appellant stipulated to the 1995
conviction. 
          Based on the trial testimony as outlined above and for the same reasons,
appellant’s contention fails. Witnesses for the State testified that they saw appellant
brandishing and shooting a handgun. Officer Anderson testified that appellant lived
at 4228 Sayers. Damian Phillips also testified that appellant lived on Sayers Street. 
Officer Wagner testified that he responded to a call on Sayers Street involving
appellant and his son. Jarrold, Kirk, Shemell, Dante, and Malcolm all testified that
appellant parked his vehicle in the street near the intersection of Russell and Jewel,
where he brandished and fired the gun. Thus, a rational jury could have found that
appellant possessed the handgun at a location other than his residence. 
          We overrule appellant’s first point of error in cause number 01–05–00410–CR. 
Factual Sufficiency
          In his second point of error in appellate cause number 01–05–00410–CR,
appellant argues that the evidence was factually insufficient to support a guilty
verdict for unlawful possession of a firearm. Appellant argues that the State’s
witnesses were not credible and that their lack of credibility was shown by the fact
that the investigating officers did not believe them. In addition, appellant argues that
the evidence is factually insufficient because no “brass shell casings” were recovered
from the basketball court where the alleged shooting took place.
          As we stated in response to appellant’s earlier factual sufficiency point of error,
as the sole judge of the weight of the evidence, the jury may choose to believe all,
some, or none of it. Moore, 935 S.W.3d at 126. The lack of physical evidence and
the fact that Officer Wagner did not initially believe that a shooting had occurred
were factors for the jury to consider in weighing the evidence. See Johnson v. State,
176 S.W.3d 74, 78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d). A jury’s
decision is not manifestly unjust merely because the jury resolved conflicting views
of the evidence in favor of the State. Cain, 958 S.W.2d at 409. We conclude, having
viewed the evidence neutrally, that the proof of possession of a handgun was not so
obviously weak as to undermine confidence in the jury’s determination or so greatly
outweighed by contrary proof as to indicate that a manifest injustice occurred. See
Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). Because probative
evidence supports the jury’s verdict and because the jury is the sole judge of the
weight and credibility, we may not reweigh the evidence in appellant’s favor. See
King, 29 S.W.3d at 563. Accordingly, we conclude that the evidence is factually
sufficient to support the verdict.
          We overrule appellant’s second point of error in appellate cause number
01–05–00410–CR. 
Location of the Premises
Legal Sufficiency
          In his third point of error in appellate cause number 01–05–00410–CR,
appellant argues that the evidence is legally insufficient to support a guilty verdict for
unlawful possession of a firearm because the State failed to prove that the alleged
possession did not take place at the location of the premises where appellant lived at
the time. Appellant argues that, because it is unclear exactly where the blue Jeep
Cherokee was parked at the time of the shooting, and because the record is silent as
to where appellant resided, the State did not meet its burden in proving that the
alleged possession occurred at a location other than the premises where appellant
lived at the time.
          As noted above, Officer Anderson testified that appellant lived at 4228 Sayers. 
Damian Phillips also testified that appellant lived on Sayers Street. Officer Wagner
testified that he responded to a call on Sayers Street involving appellant and his son. 
Jarrold, Kirk, Shemell, Dante, and Malcolm all testified that appellant parked his
vehicle in the street near the intersection of Russell and Jewel, where he brandished
and fired the gun. 
          Taking this testimony as true, a rational trier of fact could have found beyond
a reasonable doubt that the possession occurred at a location other than the premises
where appellant lived at the time. We conclude that the evidence is legally sufficient
to show that possession of the firearm occurred at a location other than appellant’s
premises.
          We overrule appellant’s third point of error in appellate cause number
01–05–00410–CR. 
Factual Sufficiency
          In his fourth point of error in appellate cause number 01–05–00410–CR,
appellant argues that the evidence was factually insufficient to support a guilty
verdict for unlawful possession of a firearm because the State failed to prove that the
alleged possession did not take place at the location of the premises where appellant
lived at the time.
          The only contrary evidence proffered by the defense was the testimony of
Jonathan, who stated that appellant did not live at the house to which Jonathan was
driven on the night of the incident. As the sole judge of the weight of the evidence,
the jury could choose to believe all, some, or none of it. Moore, 935 S.W.3d at 126. 
Here, the jury chose to discredit the testimony of appellant’s son. We conclude,
having viewed the evidence neutrally, that the proof of the location of appellant’s
residence was not so obviously weak as to undermine confidence in the jury’s
determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice occurred. See Zuliani, 97 S.W.3d at 594. Because probative
evidence supports the jury’s verdict, and because the jury is the sole judge of the
weight and credibility, we may not reweigh the evidence in appellant’s favor. See
King, 29 S.W.3d at 563. Accordingly, we conclude that the evidence is factually
sufficient to show that appellant’s possession of a firearm occurred at a place other
than his residence.
          We overrule appellant’s fourth point of error in appellate cause number
01–05–00410–CR. Conclusion
          We affirm the judgments of the trial court.
 
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.4.