COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ANGEL MONTES, | § | No. 08-07-00215-CR |
| Appellant, | § | Appeal from the |
| v. | § | 243rd District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 20060D04099) |
| | § | |

**O P I N I O N**

Angel Montes appeals his conviction for aggravated assault against a public servant. A jury found him guilty of first degree felony for aggravated assault against a public servant, and the trial judge sentenced him to 15 years' confinement. On appeal, Appellant challenges the sufficiency of the evidence supporting the conviction. We affirm.

Police Officers Ponce and Ontiveros were on duty patrolling the area around Copia, Rivera, and Alameda on July 8, 2004. Both officers were in uniform.

At about 11:30 p.m., Ponce saw a car speeding on Rivera Street. Ponce and Ontiveros followed down Rivera Street looking for the speeding car and, as they approached U.S. Highway 54, they saw the car jump the curb and go around other cars stopped at a red light and then head south towards the port of entry into Mexico. The officers believed this was the same car that had been speeding earlier based on its green color. After the car ran the red light, the officers waited for the light to change before pursuing.

When they arrived at a turnaround before the bridge going into Mexico, they saw the

suspect car. They heard screeching tires and saw the green car back up and ram the vehicle behind it. This occurred in the U.S. Customs area, which was well-lit. Officer Ponce got out of the patrol car and yelled for the green vehicle to stop, and as he approached the vehicle, he saw the driver put the car in drive. At about twenty feet from the vehicle, the officer could see the driver's face through the windshield. The driver then accelerated his vehicle towards Ponce. Officer Ponce had to jump out of the way as the car passed by him and sped off across the bridge into Mexico.

Tomas Bencomo owned the vehicle that the driver of the green car backed into. After the driver of the green vehicle rammed his vehicle, Bencomo saw the vehicle accelerate towards Mexico. Bencomo also saw a police officer who was about three or four meters away from the green vehicle dodge to the side because the vehicle charged towards that officer. When Bencomo drove over to the Mexican side of the bridge, he saw the same car parked in the Mexican Customs area. He then saw an individual talking to Mexican officials and he thought that he was the driver of the green vehicle.

Mexican officials detained the driver and later Mexican officials met with El Paso Police Department Supervisor Sergeant Lopez, who was accompanied by Officers Ponce and Ontiveros, at the international boundary line at the top of the bridge. The Mexican authorities provided information regarding Appellant's identity including his driver's license. Ontiveros testified that he did not see the driver, but they could see the car parked on the Mexican side of the bridge.

On August 30, 2006, Appellant was charged with Count I, aggravated assault against a public servant and Count II, evading arrest or detention with motor vehicle. Appellant pled not guilty on Count I, and the trial court dismissed Count II. At the conclusion of trial, the jury

found Appellant guilty of Count I.

In Issue One, Appellant argues the evidence is factually insufficient in two respects: (1) the State failed to establish that he was the same individual who drove the vehicle that allegedly nearly hit Officer Ponce; and (2) the State failed to prove that Appellant knew that Ponce was a police officer at the time of the incident.

In reviewing the factual sufficiency of the evidence to support a conviction, we view all evidence neutrally to determine whether the fact finder was rationally justified in finding guilt beyond a reasonable doubt. *See Whipple v. State*, 281 S.W.3d 482, 495 (Tex.App.--El Paso 2008, pet. ref'd). A court finds evidence to be factually insufficient in two ways: (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all evidence, the contrary evidence is so strong that the prosecution cannot prove defendant's guilt beyond a reasonable doubt. *See Roberts v. State*, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). Our review should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility given to witness testimony. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006). We may only reverse a judgment for factual insufficiency if it is necessary to do so to "prevent manifest injustice." *See Laster v. State*, 275 S.W.3d 512, 518 (Tex.Crim.App. 2009).

The Texas Court of Criminal Appeals has held that an eyewitness's testimony alone is sufficient to support a jury's verdict. *See Aguilar v. State*, 468 S.W.2d 75, 77 (Tex.Crim.App. 1971). A jury is free to believe all or any part of the testimony of the State's witnesses and

disbelieve all or any part of the appellant's witnesses. *See Johnson v. State*, 176 S.W.3d 74, 78 (Tex.App.--Houston [1st Dist.] 2004, pet. ref'd). An appellate court must defer to a jury finding. *See Cain v. State*, 958 S.W.2d 404, 409 (Tex.Crim.App. 1997).

In the first part of his factual insufficiency argument, Appellant contends the State failed to establish he was the same individual who drove the vehicle that allegedly nearly attacked Ponce. Specifically, Appellant argues that the officers' split-second encounter with the driver of the green vehicle rendered their ability to identify Appellant "highly suspect." Appellant argues that although the police officers obtained a photo of him as the individual who drove the green vehicle, no credible evidence exists to indicate Appellant was the driver of that vehicle.

At trial, Ponce identified Appellant as the individual he had seen driving the green vehicle. He testified that it was the first time that anyone had ever tried to run him over, so the driver's face made an impression upon him. The officer admitted that he did not see the green vehicle after it passed him because he was on the ground. Officer Ontiveros also identified Appellant at trial as the individual he had seen driving the green vehicle. He testified that he saw the driver's face for a split second at a distance of five to ten feet away right before the driver backed up and rammed the vehicle behind him. He also stated that because the area where the incident occurred was well-lit, he could see the driver's face clearly. Then, when he saw the green car headed towards Ponce and thought that his partner was about to be run over, he pulled his gun out. As the car drove by, the officer aimed his gun at the driver, and the driver looked directly at the officer giving the officer another much closer look. Finally, Mr. Bencomo, whose car had been rammed, identified Appellant in court as the driver involved in the incident. Mr. Bencomo testified the he again saw the green car and the driver when he drove across the

bridge into Mexico.

Any one of these eyewitness's testimony was sufficient to support Appellant's conviction. *See Aguilar*, 468 S.W.2d at 77. We defer to the jury's judgment as to the credibility given to eyewitness testimonies. *See Johnson*, 176 S.W.3d at 78; *Cain*, 958 S.W.2d at 409. In the instant case, the jury found credibility in the testimonies presented by the State. *See id*.

Viewing the evidence in a neutral light, we conclude the jury was rationally justified in finding beyond a reasonable doubt that Appellant was the same individual who drove the vehicle that allegedly nearly struck Officer Ponce. The evidence was not so weak as to render the jury's verdict clearly wrong and unjust, and the contrary evidence was not so strong that the prosecution cannot prove Appellant's guilt beyond a reasonable doubt. We overrule the first part of Appellant's factual insufficiency argument.

The second part of Appellant's factual insufficiency argument is that the State failed to prove that Appellant knew Ponce was a police officer at the time of the incident. Appellant specifically argues that the record does not show that the driver of the green vehicle "was attempting to (elude or strike) threaten a police officer who the driver actually knew was a police officer."

Texas Penal Code § 22.02(a)(2) provides that an individual commits an offense of aggravated assault if he commits assault and "uses or exhibits a deadly weapon during the commission of the assault." TEX.PENAL CODE ANN. § 22.02(a)(2)(Vernon Supp. 2009). Such an offense is a felony of the first degree if the individual commits it "against a person [he] knows is a public servant while the public servant is lawfully discharging an official duty," or "in retaliation or on account" of a public servant's "exercise of official power or performance of an

official duty . . . ." TEX.PENAL CODE ANN. § 22.02(b)(2)(B). The law presumes the individual "to have known the person assaulted was a public servant or a security officer if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant . . . ." TEX.PENAL CODE ANN. § 22.02(c).

At trial, Ponce testified that he was dressed in a police uniform at the time of the incident. Although the incident occurred at night, the U.S. Customs area where Ponce observed Appellant driving and accelerating his vehicle towards him was well-lit. Under TEX.PENAL CODE ANN. § 22.02(c), the law presumes Appellant knew Ponce was a public servant based on this testimony. This evidence by itself was not too weak to support a finding of guilt beyond a reasonable doubt. Further, there was no evidence to contradict the testimony that Ponce was in his police uniform when the incident occurred.

Viewing the evidence in a neutral light, we conclude the jury was rationally justified in finding beyond a reasonable doubt that Appellant knew Ponce was a police officer at the time of the incident. The evidence was not so weak as to render the jury's verdict clearly wrong and unjust, and no contrary evidence existed such that the prosecution cannot prove Appellant's guilt beyond a reasonable doubt. Thus, we overrule the second part of Appellant's factual insufficiency argument. Accordingly, Appellant's factual insufficiency argument fails, and Issue One is overruled.

We affirm the judgment of the trial court.


February 26, 2010

DAVID WELLINGTON CHEW, Chief Justice


-6-

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)