Affirmed and Memorandum Opinion filed March 24, 2011



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00578-CR



 

Kendrick D. Johnson, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 1265280



 

MEMORANDUM  OPINION

 

Appellant Kendrick Johnson entered a plea of not
guilty to the offense of aggravated robbery.  The trial court found him guilty
and assessed punishment at confinement for twenty years in the Institutional
Division of the Texas Department of Criminal Justice.  In a single issue
appellant contends the evidence is legally insufficient to support his
conviction for aggravated robbery.  We affirm.

Background

On August 22, 2008, April Bell finished her shift as
a bartender at approximately 2:00 a.m. and drove to her friend Diana Rincon’s
apartment to pick up her dog.  Bell arrived at approximately 3:00 a.m. and
visited with Rincon in the apartment complex parking lot while the dog ran
around prior to Bell’s drive home.  Bell was standing outside her car talking with
Rincon, who was sitting inside Bell’s car.  As they were talking, a white sedan
drove into the parking lot.  The white car stopped and two black males exited
the vehicle.  One of the men walked up behind Bell, grabbed her cellular phone
from her hand, and held a gun to her side.  The other man moved Rincon from the
driver’s seat of Bell’s car and sat behind the steering wheel.  Bell, who is 
5’5” tall, described the man holding the gun to her as being a few inches
taller, with a light complexion, and tattoos on his neck.  Bell identified
appellant as the man who held the gun to her side.

The other man found the keys to Bell’s car and drove
away in it.  In the vehicle, Bell had a laptop computer, a Wii game console,
clothing, cash, her passport, and social security card.  Bell memorized the
license plate of the car in which the men had arrived and reported it to the
police.  Appellant was apprehended within two weeks of the robbery.  Bell
positively identified appellant in a photo spread after his arrest.

Rincon testified similarly to Bell about the robbery,
but her out-of-court identification of appellant in the photo spread was
tentative.  At trial Rincon positively identified appellant as the man who held
the gun to Bell.

Officer Richard Nieto of the Houston Police
Department testified that he showed the photo spread to Bell and Rincon and
that each independently identified appellant as the man who had held the gun on
Bell.  Officer Nieto placed appellant’s photograph in a grid with five other
photographs of people with similar characteristics.  He showed the photo spread
to each woman separately.  Bell positively identified appellant, and Rincon
tentatively identified him.

Sufficiency
of the Evidence

In a single issue appellant challenges the
sufficiency of the evidence to support his conviction.  Specifically, appellant
argues that the evidence was tainted by the suggestive identification process.

In evaluating the legal sufficiency of the evidence
to support a criminal conviction, we view all of the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979).  The  trier of fact is the exclusive
judge of the credibility of the witnesses and of the weight to be given their
testimony, and it is the exclusive province of the trier of fact to reconcile
conflicts in the evidence.  Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim.
App. 1998).  Hence, we do not reevaluate the weight and credibility of all the
evidence or substitute our judgment for the fact finder’s.  King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

A person commits the offense of robbery if, in the
course of committing theft and with the intent to obtain and maintain control
of property, that person (1) intentionally, knowingly, or recklessly causes
bodily injury to another; or (2) intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death.  Tex. Penal Code Ann. §
29.02. The offense becomes aggravated robbery if the person committing the
robbery uses or exhibits a deadly weapon.  Id. § 29.03(a)(2).

Bell testified that she was afraid that the man with
the gun would injure or kill her.  She reported the license plate number of the
vehicle, which led to the apprehension of appellant.  Bell positively
identified appellant in the photo spread.  Both women positively identified
appellant at trial.  Both women also testified that they saw appellant hold a
gun to Bell’s side.  

Appellant argues that the photo spread procedure was
impermissibly suggestive because appellant was the only individual in the photo
spread who had tattoos.  In a sufficiency review, however, a reviewing court
must consider all evidence, whether properly or improperly admitted at trial,
that the fact finder was permitted to consider.  Moff v. State, 131
S.W.3d 485, 488–89 (Tex. Crim. App. 2004).  The testimony of a single
eyewitness is sufficient to support a felony conviction for aggravated robbery.
 See Johnson v. State, 176 S.W.3d 74, 77–78 (Tex. App.—Houston [1st
Dist.] 2004, pet. ref’d).  Therefore, on this record, a rational trier of fact
could have found the elements of the offense beyond a reasonable doubt.  See
id. at 77.  Appellant’s sole issue is overruled.

The judgment of the trial court is affirmed.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice
Hedges and Justices Frost and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).