Michael Gene JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–03–00319–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 1, 2004.

Discretionary Review Refused
Dec. 1, 2004.

Michael P. Fosher, Houston, TX, for Appellant.

Kelly Ann Smith, Assistant District Attorney, William J. Delmore, III, Chief Prosecutor, Appellate Division, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and BLAND.

## OPINION

EVELYN V. KEYES, Justice.

A jury found appellant, Michael Gene Johnson, guilty of the first degree offense of aggravated robbery. After making an affirmative deadly weapon finding, the jury assessed his punishment at 25 years' confinement. In four points of error, appellant contends that (1) the evidence is legally and factually insufficient to support his conviction and (2) he received ineffective assistance of counsel at the guilt/innocence and punishment stages. We affirm.

## Background

On July 20, 2002, Minh Truong was working in her florist shop when a clean-shaven black man, later identified as appellant, knocked on her door. Truong testified that the man had no hair and wore an orange T-shirt, jean shorts, clean socks, and bright white tennis shoes. Truong assumed that, because he was "[a] clean-cut man, maybe [she could] trust him." When Truong opened the door, appellant told her he needed some flowers. While in the store, appellant picked up a knife used to make flower arrangements from a nearby table. He then stormed at Truong with the knife, threatening to kill her unless she handed over her money. Appellant struck Truong with the knife handle and knocked her to the floor. He hit her so hard that the knife broke. Appellant quickly grabbed another knife from the nearby workstation table and continued to hit appellant and demand money. As Truong told appellant that she did not have any money, she stared at his face and eyes. Truong eventually handed him her credit card. When appellant stopped hitting her and reached for the credit card, Truong ran into the bathroom and locked the door. When Truong believed appellant had left, she emerged from the bathroom and found the contents of her purse scattered about her shop; approximately $230 was missing.

Truong was taken to the hospital for injuries, where she was treated for a fractured skull and underwent surgery to remove blood clots. While there, she described her assailant to Houston Police Officer Ha. She told him that the robber was a heavy-set black male who was clean-

shaven and clean-cut with a thick square build. Ha testified that Truong also told him that the robber was approximately six feet tall, weighed 200 pounds, and had brown eyes. Although Truong also described the clothing the robber wore, Ha did not include Truong's complete description in his police report.

After speaking with Truong, Officer Ha returned to the shop. Although Ha found a lot of blood evidence in the shop, he did not test the blood, nor did he request that photographs or fingerprints be taken. A few days after the robbery, Truong spoke with Sergeant Defee. She provided him with a description of the robber consistent with that she had given Officer Ha. After her release from the hospital, Truong and her ex-husband found the knife used in the robbery and brought it to Defee at the police station. No fingerprints were found on the knife.

About four weeks later, on August 19, 2002, Truong saw the man who robbed her walking across the parking lot in front of her shop. He walked through the driveway and headed towards a drug rehabilitation center next door to the flower shop. He wore shorts, socks, and shoes similar to those worn by the robber. Truong called the police and told them the man who robbed her was next door. Police subsequently arrested appellant.

After appellant was arrested, Truong identified him from a photographic lineup. She also positively identified appellant in court as the man who had robbed her. She testified that she does not forget a face and that she knew he was the man who robbed her "because of his eyes."

In his defense, Tawana Norwood, appellant's girlfriend, testified that, on July 20, 2002, the day of the robbery, she and appellant were supposed to help appellant's brother move and appellant was with her. She testified that there was no possi-

bility appellant could have left without her knowing it. The jury rejected appellant's alibi defense and convicted him of aggravated robbery.

## Discussion

### Sufficiency of the Evidence

In his first and second points of error, appellant contends the evidence is legally and factually insufficient to support his conviction.

We review the legal sufficiency of the evidence by reviewing all of the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim.App.2000). Although our analysis considers all evidence presented at trial, we may not reweigh the evidence and substitute our judgment for that of the fact finder. *King*, 29 S.W.3d at 562.

We review the factual sufficiency of the evidence by reviewing all the evidence as a whole neutrally, not in the light most favorable to the prosecution. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). In a factual-sufficiency review, we may not substitute our own judgment for that of the factfinder. *Jones v. State*, 944 S.W.2d 642, 648 (Tex.Crim.App.1996). The Court of Criminal Appeals has recently stated:

> There is only one question to be answered in a factual-sufficiency review: Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt? However, there are two ways in which the evidence may be insufficient. First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Second, there may be both evidence supporting the

verdict and evidence contrary to the verdict. Weighing all evidence under this balancing scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty verdict should not stand. This standard acknowledges that evidence of guilt can "preponderate" in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt. Stated another way, evidence supporting guilt can "outweigh" the contrary proof and still be factually insufficient under a beyond-a-reasonable-doubt standard.

*Zuniga v. State,* 144 S.W.3d 477, 484 (Tex. Crim.App. 2004) (footnote omitted). We must consider the most important evidence that the appellant claims undermines the jury's verdict. *Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App.2003).

A person commits the offense of aggravated robbery if that person (1) in the course of committing theft, (2) with intent to obtain and maintain control of property, (3) knowingly and intentionally, (4) threatens or places another in fear of imminent bodily injury or death, and (5) then and there uses or exhibits a deadly weapon. TEX. PEN.CODE ANN. §§ 29.02–.03 (Vernon 2003). Although a knife is not a deadly weapon per se, the Court of Criminal Appeals has held that an object such as a knife can be a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury. *McCain v. State,* 22 S.W.3d 497, 502–03 (Tex.Crim.App.2000).

■ Appellant argues that the evidence was legally insufficient to support his conviction because the evidence failed to prove that he committed the offense. In support of his argument, appellant notes that the record reflects that he was at home with his girlfriend when the crime occurred and that there was no physical evidence con-

necting him to the crime. Appellant also contends that "the entire case rests on the complainant's description," which could fit the description of many people.

After examining the record, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, that appellant committed the offense of aggravated robbery. Truong testified that appellant robbed her at knife-point and threatened to kill her if she did not hand over her money. She positively identified appellant in court as the individual who robbed her at knife-point. She previously had identified appellant in a photographic line-up. Truong testified that, while appellant was beating her with the knife, she had a good opportunity to look at his face and his eyes. She explained that she was sure appellant was the robber because she never forgets a face and she could not forget his eyes. This testimony was sufficient to establish that appellant intentionally threatened or placed Truong in fear of imminent bodily injury or death. As the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given their testimony, a jury may believe or disbelieve all or any part of a witness's testimony. *McKinny v. State,* 76 S.W.3d 463, 468–69 (Tex.App.-Houston [1st Dist.] 2002, no pet.). We will not substitute our judgment for that of the factfinder. Accordingly, we hold that the evidence was legally sufficient to support appellant's conviction.

In regard to his factual-sufficiency challenge, appellant merely reiterates that he was at home when the crime occurred and that there was no physical evidence connecting him to the crime. Although he recognizes the general rule that the credibility of witnesses will not be reviewed on appeal, he nevertheless "urges this Court to exercise [its] discretion, and find that the State's evidence against him simply is

not credible enough to sustain a conviction."

██ Although appellant presented an alibi defense, what weight to give contradictory testimonial evidence is within the sole province of the jury, as it turns on an evaluation of credibility and demeanor. *Cain v. State*, 958 S.W.2d 404, 408–09 (Tex.Crim.App.1997). The testimony of a single eyewitness, such as Truong, is sufficient to support a felony conviction. *See Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App.1982) (holding that the testimony of a single eyewitness can be factually sufficient to support a felony conviction). Thus, the jury was free to believe all or any part of the testimony of Truong and the State's witnesses, and disbelieve all or any part of the testimony of appellant's witnesses. A court of appeals must show deference to such a jury finding. *Cain*, 958 S.W.2d at 409. The alibi testimony, the lack of physical or forensic evidence, and the differences between the testimony of the witnesses were all factors for the jury to consider in weighing the evidence. A jury's decision is not manifestly unjust merely because the jury resolved conflicting views of evidence in favor of the State. *Id.* at 410.

Accordingly, after examining all of the evidence neutrally, we hold that the proof of guilt was not so obviously weak as to undermine confidence in the jury's determination; nor was the contrary evidence so strong that the beyond-a-reasonable-doubt standard could not have been met.

We overrule appellant's first and second points of error.

### Ineffective Assistance of Counsel

In his third and fourth points of error, appellant contends that he received ineffective assistance of counsel at both the guilt/innocence and punishment stages of trial.

To determine if a defendant has been denied effective assistance of counsel, we follow the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). First, the appellant must demonstrate that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 688, 104 S.Ct. at 2064; *Howland v. State*, 966 S.W.2d 98, 104 (Tex.App.-Houston [1st Dist.] 1998), *aff'd*, 990 S.W.2d 274 (Tex.Crim.App.1999). Second, the appellant must establish that his counsel's performance was so prejudicial that it deprived him of a fair trial. *Howland*, 966 S.W.2d at 104. Thus, the appellant must show that a reasonable probability exists that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Howland*, 966 S.W.2d at 104. The appellant has the burden to establish both of these prongs by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App.1998).

██ It is presumed that trial counsel's strategy was sound and that the representation was reasonable. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex.App.-Houston [1st Dist.] 1996, no pet.). In assessing whether a defendant has overcome these presumptions, we are limited to the facts of the case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999). We cannot speculate beyond the record provided. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994). An appellant "making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate

the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813.

■ Appellant contends that he received ineffective assistance of counsel at the guilt/innocence stage because counsel (1) failed to file a motion to suppress an impermissibly suggestive photo array; (2) entered the photo array into evidence; (3) failed to prepare his eyewitness expert; (4) failed to preserve error by making an offer of proof as to his expert testimony; and (5) failed to instruct his client to wear something other than an orange shirt at trial, which was suggestive of the orange shirt worn by the robber.

■ Appellant has failed to overcome the presumption that trial counsel's actions and inactions were part of his trial strategy. Although appellant filed a motion for new trial, the only claim he advanced in that motion was that the verdict was contrary to the law and the evidence. Because no ineffective assistance claim was advanced in the motion, no hearing was conducted to explore appellant's counsel's trial strategy. In the absence of a proper evidentiary record, it is extremely difficult to show that trial counsel's performance was deficient. *See Gibbs v. State*, 7 S.W.3d 175, 179 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd); *Mares v. State*, 52 S.W.3d 886, 891 (Tex.App.-San Antonio 2001, pet. ref'd) (failure to file pre-trial motions is not categorically deemed ineffective assistance of counsel because trial counsel may decide not to file pre-trial motions as part of his trial strategy); *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex.Crim.App.2003) (record insufficient to support ineffective assistance of counsel claim where record was silent regarding reason counsel failed to call expert witness, failed to file pre-trial motions, and failed to

adequately prepare witnesses). To find appellant's trial counsel ineffective on the basis of the record before this Court would require us to speculate, which we will not do. *Gamble*, 916 S.W.2d at 93.

■ Appellant also contends that he received ineffective assistance of counsel at the punishment stage of trial because his trial counsel (1) failed to object to a victim impact statement; (2) commented on the parole law; (3) failed to object to comments on the parole law; and (4) failed to present mitigating evidence.[1] Appellant's trial counsel's comments on parole law and failure to object to the State's comments on parole law in the punishment stage were strategic, even if appellant believes the strategy was unsuccessful; even appellant's appellate counsel admits that "defense counsel may have thought he was helping." That a trial strategy does not work does not mean that counsel was ineffective. Again, appellant has failed to overcome the presumption that counsel's actions were part of a strategic plan. *See Tong v. State*, 25 S.W.3d 707, 713–14 (Tex. Crim.App.2000) (counsel's failure to object to victim impact testimony and evidence not ineffective assistance of counsel when trial record silent as to counsel's strategy). To find that trial counsel was ineffective would call for us to speculate which we will not do. *Gamble*, 916 S.W.2d at 93.

We overrule appellant's third and fourth points of error.

### Conclusion

We affirm the judgment of the trial court.

---

1. Appellant has failed to sufficiently brief his sub-issue that his counsel was ineffective at the punishment stage for failing to present mitigating evidence. He does not cite to the record, or to any authority for his proposition; he merely makes the contention. Accordingly, appellant has waived this sub-issue. *See* Tex.R.App. P. 33.1.