NO. 07-08-0027-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 22, 2008
_____

CORNELIUS SHERRELL GREER a/k/a CORNELIUS GREER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY;

NO. 1037649-D; HON. SHAREN WILSON, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Cornelius Sherrell Greer, appeals in one issue from his conviction of unlawful possession of a firearm by contending the evidence is legally insufficient to sustain it. We disagree and affirm the conviction.

The standard by which we consider a legal sufficiency challenge is found in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We refer the parties to that case for its explanation.

One unlawfully possesses a firearm when he has been convicted of a felony and possesses a firearm within five years from the person's release from confinement or supervision under community supervision, parole, or mandatory supervision, whichever date is later. TEX. PEN. CODE ANN. §46.04(a)(1) (Vernon Supp. 2008). Appellant stipulated that the alleged offense occurred within five years of his release from confinement for a felony conviction. Thus, we need only determine whether the evidence was sufficient to establish that appellant possessed a firearm.

According to the record before us, the police were called to appellant's residence as a result of a domestic disturbance between appellant and his wife. The wife's sister, Windy Biggers, who was present during the alleged dispute, testified that she saw appellant walk out of the bedroom with a large rifle in his hand, walk outside, and place the gun in his wife's SUV. She identified a gun at trial as one similar to that which appellant was carrying. Although police recovered a rifle in the vehicle identified by Biggers and appellant had keys to that vehicle in his pocket when arrested, appellant contends that the evidence is legally insufficient because the police failed to fingerprint the gun or "to protect the firearm for further analysis" and one witness was intoxicated and hysterical.

The testimony of one eyewitness is sufficient to sustain a conviction. *Johnson v. State,* 176 S.W.3d 74, 78 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd); *Lewis v. State,* 126 S.W.3d 572, 575 (Tex. App.–Texarkana 2004, pet. ref'd).[1] Moreover, the witness who

---

[1]These cases found the testimony of one eyewitness factually sufficient to sustain the convictions. However, if the evidence is factually sufficient, it must also be legally sufficient. *See Jones v. State,* No. 07-06-0244-CR, 2006 Tex. App. LEXIS 9684 at *4 n.1 (Tex. App.–Amarillo November 8, 2006, no pet.) (not designated for publication).

was allegedly intoxicated and hysterical was appellant's wife, not Biggers.[2]  In addition, there was corroborating evidence by way of the location of the gun and appellant's possession of the keys to the vehicle.  Thus, the evidence provided by Biggers that appellant had possession of a firearm, if believed by the jury, was legally sufficient to support the jury's verdict.

Accordingly, appellant's issue is overruled, and the judgment is affirmed.

Per Curiam

Do not publish.

---

[2]Appellant's wife told one of the investigating police officers that appellant had brought a gun into the house.  Whether she was competent to give this statement or whether the statement was credible was for the jury to decide.