COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JORGE LUIS RODRIGUEZ, | § | |
| | | No. 08-09-00118-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 399th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Bexar County, Texas |
| Appellee. | § | |
| | | (TC# 2007-CR-1881) |
| | § | |

**O P I N I O N**

Appellant, Jorge Luis Rodriguez, was convicted of fraudulent use or possession of identifying information and sentenced to eighteen months in state jail. In a single issue on appeal, he contests the factual sufficiency of the evidence supporting his conviction. We affirm.

**BACKGROUND**

On October 18, 2005, Sam Castillo, a salesman at Conn's, received a call from a person named "Michael Pantuso," inquiring about credit. The real Michael Pantuso's wallet, which contained his driver's license, other identification cards, and some credit cards, was stolen from his truck at a construction site about a month before. While on the phone with Castillo, the man, later determined to be Appellant, gave Pantuso's social-security number. Two hours later, Appellant entered the store, asked for Castillo, and identified himself as Pantuso. When Appellant decided to purchase a $4,000 television on credit, he provided Castillo with an identification card similar to an expired driver's license that contained the name "Michael Pantuso" but Appellant's picture and an address of 6311 Village Cliff, San Antonio, Texas. Appellant signed Michael Pantuso's name on the invoice and sales contract, which listed the given address. Later that day, Appellant picked up

the television from the retailer's warehouse, and a Conn's employee recorded the make, model, and license plate of the vehicle he was driving, that is, a black, Ford Expedition with a license plate number of W72VZN. In November, the same television was pawned at Alamo Pawn and Jewelry by Yvette Martinez, Appellant's common-law wife.

Police investigation determined that the Ford Expedition was linked to several ongoing identity-theft investigations involving Conn's stores. The vehicle was registered to Yvette and listed the same address given to Castillo. Police reports further linked Appellant and Yvette in several identity-theft cases. Although the pawn shop owner identified Yvette as the person that pawned the television, the police investigation revealed that a man had actually purchased the television at Conn's. Approximately ten months later, Castillo identified Appellant from a photo lineup as the individual who purchased the television under the name of Michael Pantuso.

The only defensive evidence presented at trial consisted of Appellant's testimony. He denied that he purchased the television, claiming that he and Yvette were separated at the time the television was purchased, and that his brother, Raymond Carreon, was driving his wife's vehicle at that time. Appellant further stated that his wife owned the vehicle and avowed that he never operated it. He further suggested that his brother looks just like him and claimed that Carreon was the one that stole the television. However, Appellant admitted to residing at the same address that the vehicle was registered to.

**DISCUSSION**

In his sole issue, Appellant argues that the evidence was factually insufficient to support his conviction for fraudulent use or possession of identifying information, contending that the evidence failed to establish that he was the person that committed the offense. He does not challenge the

sufficiency of any other element necessary to support a conviction for the offense.[1]

*Standard of Review*

In a factual-sufficiency review, we view all of the evidence in a neutral light and ask whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); *Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006). Evidence is factually insufficient when the evidence supporting the conviction is so weak that the verdict seems clearly wrong and manifestly unjust, or when the evidence supporting the conviction is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Roberts*, 220 S.W.3d at 524. In conducting our review, we defer to the fact finder's determination of witness credibility and the weight given to the evidence. *Cleveland v. State*, 177 S.W.3d 374, 388 (Tex. App. – Houston [1st Dist.] 2005, pet. ref'd), *cert. denied*, 547 U.S. 1073, 126 S.Ct. 1774, 164 L.Ed.2d 523 (2006).

*Application*

In contesting whether the State sufficiently proved that he committed the offense, Appellant asserts that Castillo's identification is unreliable given: (1) the ten-month lapse in Castillo's photo identification and three-year lapse in Castillo's in-court identification; (2) Castillo's focus on the large commission at stake; and (3) other evidence suggesting that his brother, Raymond Carreon, who looks similar to him, actually committed the offense. We disagree.

The record reflects that Castillo and Appellant talked over the phone, met at the store, and discussed purchasing different televisions. Appellant gave Castillo an expired driver's license that contained his photo but Pantuso's name, and Castillo drew up an invoice accordingly. Castillo

---

[1] A person commits the offense of fraudulent use or possession of identifying information if he, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of identifying information of another person without that person's consent. TEX. PEN CODE ANN. § 32.51(b)(1) (Vernon Supp. 2009).

positively identified Appellant in the photo lineup and again at trial. Castillo testified that he was 100 percent sure that Appellant was the man that purchased the television. Nothing in the record casts doubts on Castillo's positive identification despite the ten-month or three year gap in time, or suggests Castillo was so focused on the commission that his identification of Appellant was equivocal. *See Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971) (holding that testimony of eyewitness alone sufficient to support jury's verdict).

As for Appellant's argument that his brother committed the offense, we note that the only evidence propelling this theory comes from Appellant's testimony. Carreon did not testify, nor did Yvette, and the only evidence suggesting that Appellant and Carreon look similar comes from Appellant's testimony and a photograph wherein they were both wearing sunglasses. No questions on their similarities were proffered to Castillo, nor was the photograph ever shown to him. As such, it was within the fact finder's province, as the sole judge of the weight and credibility of the witnesses, to choose not to believe Appellant's self-serving testimony. Given Castillo's positive identification and other evidence showing Appellant picked up the television from the warehouse and gave Castillo the same address that the vehicle, which was involved in several fraudulent transactions at Conn's, was registered to, we do not find the contrary evidence so overwhelming as to render the identification clearly wrong and manifestly unjust. *See Johnson v. State*, 176 S.W.3d 74, 78 (Tex. App. – Houston [1st Dist.] 2004, pet. ref'd) (although appellant claimed through his girlfriend's testimony that he was at home when the crime occurred and argued that there was no physical evidence linking him to the crime, the jury, as the sole judge of the weight and credibility of the evidence, was free to reject such defenses given the eyewitness's identification).

In sum, after reviewing all of the evidence in a neutral light, we do not find the evidence supporting the conviction so weak that the verdict seems clearly wrong and manifestly unjust, or that

the evidence supporting the conviction is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Roberts*, 220 S.W.3d at 524. We therefore find the evidence factually sufficient and overrule Appellant's sole issue.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

July 21, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)