Opinion issued June 23, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00321-CR

———————————

Patrick ZAMORA, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 182nd District Court 

Harris County, Texas



Trial Court Case No. 1199822

 



 

MEMORANDUM OPINION

A jury
convicted Patrick Zamora of aggravated robbery, and the trial court assessed
his punishment at thirty-five years’ confinement.  See Tex. Penal Code Ann.
§§ 12.32, 29.03 (West 2003).  In two
issues on appeal, Zamora contends that the evidence is legally and factually
insufficient to support his conviction. 
We hold that the evidence is sufficient to support Zamora’s conviction.
We therefore affirm the judgment of the trial court.  

Background

          In
January 2009, during the daytime, two men, wearing hoods and handkerchiefs that
covered their noses and mouths, entered the house of the complainant, John
Goggin.  The two men awakened Goggin from
a nap.   They demanded money from Goggin,
and one of them pointed a gun at his face. 
Goggin identified Zamora in court as the man with the gun.  He said that Zamora was stockier and had a
rounder face than the other man.  The
other man was Israel Ortiz.  Goggin
described the gun as a black automatic .38. 
When Goggin told the men that he had no money, Ortiz told Zamora to shoot
him.  Instead, Zamora struck Goggin
across the face with the gun.  Goggin
stated that he thought he was going to die.  Ortiz and Zamora took Goggin’s cell phone,
watch, gold chains, rings, and bracelets. 
While Ortiz and Zamora rifled through Goggin’s possessions, Goggin fled the
room and ran out of his house.  He found
a cable repairman in the street and used the repairman’s cell phone to call
911.  During the call, Goggin saw Ortiz
and Zamora exit his house without anything covering their faces.  According to Goggin, he was about twenty-five
yards away from Ortiz and Zamora as they exited.  The two men got into a blue Jimmy Blazer
driven by a woman.  The Jimmy sped off,
striking Goggin’s rust-colored Nissan as it left.  Goggin relayed the Jimmy’s license plate
number to the 911 dispatcher.  He said
that four people were in the car, two females and two males.  He testified that he recognized the woman driver
as his daughter’s friend.   

About ten minutes later, Deputy M.
Mallory of the Harris County Sheriff’s Department stopped a Jimmy meeting Goggin’s
description a few miles from Goggin’s house. 
He found a gun in the Jimmy.  The
gun was loaded with one round in the chamber ready to fire.  Police officers recovered Goggin’s cell phone
and jewelry from the Jimmy.  Goggin’s
watch was in Zamora’s pocket.    

When Goggin arrived at the scene of
the stop, he identified the Jimmy as the one he had seen leaving his
house.  The Jimmy had a rust-colored paint
mark on it from hitting Goggin’s Nissan. 
He identified Ortiz and Zamora as the men who robbed him, based on their
eyes and physical stature.  He also recognized
Ortiz’s voice.  He asked Ortiz whether he
actually intended to shoot him.  Ortiz
responded that he did not intend to shoot Goggins and that he was sorry.  Goggin identified the gun found in the car as
similar to the one Zamora had used in the robbery.  Deputy J. Morrow of the Harris County
Sheriff’s Department spoke with Goggin at the scene of the stop.  He admitted that his report of the incident indicated
that Ortiz had the gun, not Zamora.  He
testified that he may have gotten the two men’s names confused.  

Discussion

Standard of
Review 

This Court reviews legal and factual
sufficiency challenges using the same standard of review.  Ervin
v. State, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.] 2010, pet.
ref’d) (construing majority holding of Brooks v. State, 323 S.W.3d 893,
912, 926 (Tex. Crim. App. 2010)).  Under
this standard, evidence is insufficient to support a conviction if, considering
all the record evidence in the light most favorable to the verdict, no rational
factfinder could have found that each essential element of the charged offense
was proven beyond a reasonable doubt.  See
Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); In re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068,
1071 (1970); Laster v. State,
275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim.
App. 2007).  Viewed in the light most
favorable to the verdict, the evidence is insufficient under this standard in
two circumstances: (1) the record contains no evidence, or merely a “modicum”
of evidence, probative of an element of the offense; or (2) the evidence
conclusively establishes a reasonable doubt. 
See Jackson, 443
U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 n.11; Laster, 275 S.W.3d at 518; Williams, 235 S.W.3d at 750.  Additionally, the evidence is insufficient as
a matter of law if the acts alleged do not constitute the criminal offense
charged.  Williams, 235 S.W.3d at
750.

An appellate court determines whether
the necessary inferences are reasonable based upon the combined and cumulative
force of all the evidence when viewed in the light most favorable to the
verdict.  Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim.
App. 2007) (citing Hooper v. State, 214 S.W.3d 9, 16–17 (Tex. Crim. App.
2007)).  In viewing the record, direct
and circumstantial evidence are treated equally.  Id.  Circumstantial evidence is as probative as
direct evidence in establishing the guilt of an actor, and circumstantial
evidence alone can be sufficient to establish guilt.  Id. 
An appellate court presumes that the factfinder resolved any conflicting
inferences in favor of the verdict and defers to that resolution.  See Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.  An appellate court also defers to the
factfinder’s evaluation of the credibility and weight of the evidence.  See Williams, 235 S.W.3d at 750.

A
person commits a robbery if, in the course of committing theft and with intent
to obtain or maintain control of property, he intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code Ann. § 29.02(a)(2) (West
2003). A person commits aggravated robbery if he commits robbery and uses or
exhibits a deadly weapon. Id. § 29.03(a)(2) (West 2003). A firearm is
considered a deadly weapon. Id. § 1.07(a)(17)(A) (West Supp. 2010); see
Wright v. State, 591 S.W.2d 458, 459 (Tex.Crim.App.1979) (holding
“[t]estimony using any of the terms ‘gun,’ ‘pistol’ or ‘revolver’ is sufficient
to authorize the jury to find that a deadly weapon was used” in aggravated
robbery). 

Analysis 

          Goggin testified that Zamora entered his house, struck him
with his gun, and stole Goggin’s cell phone, watch, gold chains, rings, and
bracelets.  He feared for his life during
the incident.  Although Zamora’s face was
partially covered, Goggin identified Zamora as the individual with the gun, explaining
that he was stockier and had a rounder face than the other robber.  In addition, Goggin watched both Zamora and
Ortiz exit his house without anything covering their faces.  At the traffic stop, Goggin indentified Zamora
as the individual who robbed him at gunpoint. 
The testimony of a single eyewitness is sufficient to support a felony
conviction for aggravated robbery.  See Johnson v. State, 176 S.W.3d 74, 77–78 (Tex. App.—Houston [1st Dist.] 2004, pet.
ref’d) (holding that evidence was legally and factually sufficient to support
conviction for aggravated robbery based on complainant’s testimony and
identification); see also Sosa
v. State, 177 S.W.3d 227, 230
(Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that evidence was
legally sufficient where witness identified defendant based upon his build,
clothing and height, and defendant was present at the scene of crime and had
fled).  Additional evidence corroborates
Goggin’s identification of Zamora. 
Goggin said that Zamora fled from his residence in a blue Jimmy after it
hit Goggin’s Maxima.  Police officers
stopped a blue Jimmy a few miles from Goggin’s residence shortly after the
robbery.  Zamora was in the vehicle.  He had Goggin’s watch in his pocket, and the
other items taken from Goggin’s residence were in the Jimmy.  Police officers found a gun in the vehicle,
and Goggins identified the gun as similar to the one Zamora pointed at him
during the robbery.  See Carter v.
State, 946 S.W.2d 507, 511
(Tex. App.—Houston [14th Dist.] 1997, pet. ref’d) (concluding testimony that
defendant used “gun” similar to .25 caliber automatic pistol displayed at trial
was sufficient to prove he used firearm); Arthur v. State, 11 S.W.3d 386, 389 (Tex. App.—Houston
[14th Dist.] 2000, pet. ref’d) (stating jury able to make reasonable inference
that appellant used or exhibited firearm as alleged in indictment based, in
part, upon witness testimony that gun was similar to or could be exhibit
firearm admitted at trial).  Goggins also
observed that the Jimmy had paint from his Maxima on it because the Jimmy had crashed
into it.           

We conclude that the jury
rationally could have found that each element of the charged offense was proven
beyond a reasonable doubt.  Accordingly,
we hold that the evidence was sufficient to support Zamora’s conviction for
aggravated robbery.  See Brooks, 323 S.W. 3d at 902.   

 

 

 

 

Conclusion

          We affirm the judgment of the trial
court.  

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).