

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00218-CR

Michael **VASQUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR6619C
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  February 19, 2014

AFFIRMED

Appellant Michael Vasquez was convicted by a jury of aggravated robbery and sentenced

to twenty years confinement in the Institutional Division of the Texas Department of Criminal

Justice.  Vasquez contends the evidence is legally insufficient to support the jury's verdict.  We

affirm the trial court's judgment.

### FACTUAL BACKGROUND

In the early morning hours of June 7, 2011, Edward Rodriguez was waiting at a bus stop

in San Antonio, Texas, when two men approached him and engaged him in conversation.

Rodriguez testified that one individual stood directly behind Rodriguez, while the other stood urinating at a nearby telephone pole. Rodriguez explained that he felt one of the men pull his wallet from his back pocket. He then turned around to see an individual he later identified as Vasquez pointing a gun at him and telling him, "You move, I'll shoot you." Rodriguez testified that shortly thereafter, the two men ran toward a white four-door car.

Rodriguez panicked; his first call was to a friend requesting that he bring him money because his bus card was in the stolen wallet. His friend told Rodriguez to call the police and he complied. Within five minutes, San Antonio Police Officer Brad Westmoreland arrived at the scene. Rodriguez told the officer about the robbery at gun point. He described his wallet as long and black and that it contained an identification card, a bank card, a social security card, and a bus pass. Rodriguez also provided a description of the two individuals who robbed him. Rodriguez told the police that the man with the gun was bald and chunky, over 200 pounds, about five-foot nine-inches tall, wearing a black t-shirt and blue jean shorts, and holding a black revolver. The other man was skinny, a little taller, a little younger, and wearing a red shirt.

Within minutes of Officer Westmoreland arriving at the scene, only a few blocks away, San Antonio Police Officer Kerry Keene stopped a four-door white car for running a red light and traveling at a high rate of speed. While in pursuit, Officer Keene observed the vehicle run several more stop signs. At some point, Officer Keene saw what appeared to be a weapon thrown from the vehicle and bounce off a chain link fence. Once the car was stopped, the officers identified three individuals: Heriberto Hernandez, the driver; Anthony Cisneros, the front-seat passenger; and Michael Vasquez, the back-seat passenger. After the suspects were secured, Officer Keene retrieved a Smith & Wesson .38 caliber revolver from a location near the chain-link fence.

Shortly after stopping the car, Officer Keene received notice about the Rodriguez robbery. Officer Westmoreland advised Officer Keene that he believed the detained individuals were

suspects in a robbery he was investigating. Officer Keene located Rodriguez's identification card, social security card, bank card, and bus pass in the front seat of the vehicle. All three men were arrested and charged with aggravated robbery of Rodriguez.

After the trial court granted the defendants' motion for severance, each defendant was ordered to be tried separately. Vasquez's jury trial began on January 23, 2012, wherein he was convicted of aggravated robbery and sentenced to twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice. Vasquez appeals his conviction and we affirm the trial court's judgment.

SUFFICIENCY OF THE EVIDENCE

Vasquez contends the evidence is legally insufficient to support the jury's verdict. We disagree.

**A.     Standard of Review**

In reviewing the legal sufficiency of the evidence, an appellate court determines whether, viewing "all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Hardy v. State*, 281 S.W.3d 414, 421 (Tex. Crim. App. 2009); *accord Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We must defer to the jury's assessment of the credibility of the witnesses "and the weight to be given their testimony," *Brooks*, 323 S.W.3d at 899, and allow for reasonable inferences from the evidence presented. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979) ("The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony [except where provided otherwise by law]."); *Jackson*, 443 U.S. at 319 (reiterating it is strictly the province of the jury "fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate

facts"). In so doing, an appellate court presumes that the jury "resolved the conflicts in favor of the prosecution and therefore defer to that determination." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The key question is whether "the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *See Williams*, 235 S.W.3d at 750. Only upon a determination that the evidence is legally insufficient will this court reverse the trial court's judgment and order an acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41 (1982); *Brooks*, 323 S.W.3d at 904. This legal sufficiency standard applies equally to both direct and circumstantial evidence. *Clayton*, 235 S.W.3d at 778; *King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000).

**B.      Vasquez's Contention**

Vasquez does not argue the evidence is inadequate to demonstrate the crime of aggravated robbery was committed. Instead, he contends there is no credible evidence connecting him to the offense. Specifically, Vasquez contends a rational trier of fact would have necessarily had a reasonable doubt as to Rodriguez's identification of Vasquez. During trial, Rodriguez identified the man with the gun as chunky, bald, dressed in black, and approximately five-foot nine-inches tall. Vasquez contends that this "generic" description does not take into account (1) there was no evidence that Rodriguez ever identified Vasquez as the perpetrator before the trial, (2) Rodriguez never mentioned tattoos when describing Vasquez to Officer Westmoreland, or (3) Rodriguez never described Vasquez's facial hair or pierced ear and eyebrow. Vasquez opines that a wallet and some papers found in the vehicle in which he was a passenger is insufficient evidence to connect him to the offense.

**C.      Aggravated Robbery**

"A person commits [robbery] if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he . . . intentionally or knowingly threatens or places

another in fear of imminent bodily injury or death."  TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2011); *see Sosa v. State*, 177 S.W.3d 227, 231 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  "A person commits [aggravated robbery] if he commits robbery, . . . and he uses or exhibits a deadly weapon . . . ."  TEX. PENAL CODE ANN. § 29.03(a)(2); *see Sosa*, 177 S.W.3d at 231.

A conviction for aggravated robbery may be based on the testimony of a single eyewitness. *Johnson v. State*, 176 S.W.3d 74, 77–78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *see also Sosa*, 177 S.W.3d at 230 (holding the evidence was legally sufficient where witnesses identified defendant based on his build, clothing, and height).  Additionally, "[a] court treats direct and circumstantial evidence equally: circumstantial evidence can be as probative as direct evidence, and circumstantial evidence alone can be sufficient to establish guilt."  *Henry v. State*, 409 S.W.3d 37, 42 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *Clayton*, 235 S.W.3d at 778); *see also Laster v. State*, 275 S.W.3d 512, 521 (Tex. Crim. App. 2009).

**D.    Analysis**

Here, the jury heard testimony from several officers and Rodriguez.  Although Vasquez focuses solely on the testimony of Rodriguez, his testimony must be viewed in light of the entire record.  Rodriguez's descriptions must be seen light of the circumstantial evidence, the other descriptions he provided, and the items located on the front seat of the four-door white car.

More importantly, the witnesses, especially Rodriguez, were extensively cross-examined about the questions Vasquez now raises on appeal.  Rodriguez's description of Vasquez as the individual with the firearm was questioned through Rodriguez and several of the officers.  The jury could reasonably conclude that the only "chunky" and bald individual in the vehicle was Vasquez—he was also coincidentally wearing a black shirt.  Additionally, the front-seat passenger, Cisneros, was tall, skinny, and wearing a red shirt—just like the description provided by Rodriguez.  With regard to the "missing" identifiers of tattoos and earrings, many of those

questions were addressed by Rodriguez in cross-examination. Rodriguez testified that although he did not mention the tattoos to Officer Westmoreland at the scene, he did tell the officers about the tattoos when he was at the police station.

Outside of his physical description, Vasquez was found in a four-door white vehicle, only a couple of blocks from the scene of the crime, with the items that were taken from Rodriguez. And, although Rodriguez could not identify the weapon itself, Officer Keene witnessed a revolver being thrown from the vehicle. After collecting the weapon, Officer Keene noted the weapon matched Rodriguez's description.

Without question, each of the complaints raised by Vasquez goes to the weight of the evidence. It is within the exclusive purview of the jury to determine the credibility of the witnesses and the weight to be given their testimony. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). A jury is entitled to accept one version of the facts and reject another, or reject any part of a witness's testimony. *Id*. "A decision is not manifestly unjust solely because the court of appeals would have resolved the conflicting evidence in a different way." *Id.*; *see also Welch v. State*, 993 S.W.2d 690, 693 (Tex. App.—San Antonio 1999, no pet.) ("The jury also maintains the power to draw reasonable inferences from basic facts to ultimate facts.").

**E. Conclusion**

Accordingly, after viewing "all the evidence in the light most favorable to the verdict," we conclude that a rational trier of fact could have found Vasquez guilty of the essential elements of the aggravated robbery beyond a reasonable doubt. *Hardy*, 281 S.W.2d at 421; *Brooks*, 323 S.W.3d at 899. In deferring to the jury's assessment of the credibility of the witnesses "and the weight to be given to their testimony," we conclude there is sufficient evidence to support

Vasquez's conviction. *Brooks*, 323 S.W.3d at 899. We, therefore, affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH