

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00582-CR

Victor Eugene **BAILEY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR4772
Honorable Mary D. Roman, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  February 25, 2015

AFFIRMED

A jury convicted Victor Eugene Bailey of aggravated robbery with a deadly weapon (habitual) and the trial court sentenced him to forty years' imprisonment. On appeal, Bailey argues that the trial court erred in overruling his motion for a directed verdict of acquittal because the evidence was legally insufficient to prove that he committed the offense of aggravated robbery. We affirm the trial court's judgment.

**BACKGROUND**

It is undisputed that in the late morning hours of July 6, 2010, Bailey arrived at Classic Diamond Company seeking to sell two rings. Classic Diamond Company is a jewelry store owned and operated by Ralph Benavides. The store front is equipped with a cage-like security door that can only be unlocked by a person behind the interior display case. Once Benavides buzzed Bailey into the store, Benavides proceeded to inspect the rings while Bailey stood watch. A physical altercation ensued between the two men, resulting in property damage to the store and physical injury to Bailey. The blood left at the scene was stipulated to contain the DNA of Bailey.

Benavides testified that he immediately recognized that the stones in the rings were not genuine. Once Benavides informed Bailey of his findings, Benavides testified that Bailey became agitated, said that he paid $2,000 for the pair of rings, and simultaneously pulled a pistol from his waistband and pointed it at Benavides. Once the weapon was revealed, Bailey said, "I don't want to hurt you, I don't want to shoot you, I just want money." Benavides claimed that he gave Bailey $50-$75 that he had on his person, and that Bailey placed the money in his pocket. Benavides stated that because he was ". . . scared to death" that he would be harmed, he instinctively grabbed for the gun and a struggle followed.

Benavides tried to disarm Bailey, but was unsuccessful. Once the men gained some distance between one another, Bailey tried to roll over the top of a glass showcase but it shattered and he fell into the showcase of jewelry and broken glass. At that time, Benavides retrieved a gun from a desk. Benavides said that he saw Bailey take a tray of rings from the showcase that he fell into. Once Bailey freed himself from the glass box, Benavides pressed the button that unlocked the door in hopes that Bailey would leave. Bailey then opened the door and paused in the iron-barred cage that is installed in front of the entrance to the store, dropped the tray along with the

rings, and walked away. After the State rested, the defense moved for a directed verdict of acquittal. The trial court denied the motion.

Bailey testified in his defense that after Benavides told him the rings were fake, Bailey asked him to check again. At that time, Bailey noticed that Benavides's "diamond checker" was giving off a noise and green lights, meaning that the diamonds were genuine. Bailey asked for his rings back, but Benavides refused. The two men began to argue. Bailey stated that Benavides was the first to pull out a gun. Bailey stated that he never asked Benavides for any money. Benavides trapped Bailey in the security "cage" and when Bailey attempted to buzz himself out, a physical struggle ensued. Bailey stated that the glass showcase broke and that he cut his arm, but that he did not fall through it as Benavides described because it was too narrow. Even though Benavides still had Bailey's rings, Bailey tried to leave the store because he did not want to get in trouble for possessing a gun as a convicted felon. Bailey managed to press the button to get out, and left the store. Because Bailey testified, the jury was made aware of his prior convictions.

### SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Bailey asserts the trial court erred when it overruled the motion for directed verdict, because the evidence was legally insufficient to prove that he committed the offense of aggravated robbery.

### *Standard of Review and Applicable Law*

We analyze a challenge to a trial court's ruling on a motion for directed verdict just as we do a challenge to the sufficiency of the evidence to support the conviction. *Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). In evaluating legal sufficiency in a criminal appeal, we apply the standard discussed in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under the *Jackson v. Virginia* standard, we review all of the evidence in the light most favorable to the jury's verdict to determine whether any rational

jury could have found the essential elements of aggravated robbery beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. The jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). In conducting a legal sufficiency review, we may not substitute our judgment for that of the fact finder or reexamine the weight and credibility of the evidence. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

In order to convict Bailey of aggravated robbery, the State was required to prove that, while in the course of committing theft of property, with intent to obtain and maintain control of the property, Bailey intentionally or knowingly threatened the victim with, or placed the victim in fear of, imminent bodily injury or death, and used or exhibited a deadly weapon. TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

*Analysis*

In arguing that the evidence adduced at trial was legally insufficient to prove that he committed the offense of aggravated robbery, Bailey points to the time, place, and manner of the incident in question, and asserts that the jury acted irrationally in rendering its decision. Bailey contends that "no rational juror could have found that [he] would have walked into what he must have known was a trap if he had intended to rob the place."

We must determine whether "the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *See Williams*, 235 S.W.3d at 750. The testimony of a single eyewitness may be sufficient to support a conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); *Johnson v. State*, 176 S.W.3d 74, 78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). The jury resolves conflicts and inconsistences in the evidence, and is free to believe or disbelieve all or any part of a witness's testimony. *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd); *Johnson*, 176 S.W.3d at 77-78.

Bailey does not dispute that he had an encounter with Benavides during the time and place in question, or that he was in possession of a firearm when the incident occurred. He disputes, however, that he stole from or intended to steal from Benavides. The jury, however, was free to disbelieve Bailey and to believe Benavides, who testified that he feared for his life when Bailey pulled out a gun and demanded money. Benavides stated that he gave Bailey $50-$75 and that Bailey tried to leave the store with a tray of rings. The fact that the two men gave differing versions of the day's events does not render the evidence in this case insufficient to support the jury's verdict.

Viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable juror could have found the essential elements of the charged offense beyond a reasonable doubt. Accordingly, we hold the evidence is sufficient to support Bailey's conviction for aggravated robbery.

We overrule Bailey's issue on appeal and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

Do not publish