**Opinion issued October 4, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

NOS. 01-11-00806-CR
01-11-00807-CR
01-11-00808-CR
01-11-00809-CR
01-11-00810-CR
01-11-00811-CR
01-11-00812-CR
01-11-00813-CR
01-11-00814-CR

———————————

**CLAIR AUDREY WOLF, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 248th District Court
Harris County, Texas
Trial Court Case Nos. 1271120, 1271121,
1271122, 1271123, 11721124, 11721125,
11721126, 12721127, and 12721128

**MEMORANDUM OPINION**

Clair Audrey Wolf was indicted for nine felony violations of the Texas Water Code, the Solid Waste Disposal Act, and pertinent regulations promulgated by the Texas Commission on Environmental Quality (TCEQ) relating to the improper storage of hazardous materials and leakage of hazardous waste on two parcels of private property in Harris County, Texas. *See* TEX. WATER CODE ANN. § 26.121, 26.261 (West 2011); TEX. HEALTH & SAFETY CODE ANN. § 361.017(e) (West 2012); 30 TEX. ADMIN. CODE §§ 70.206 324.4, 335.43, 335.302 (2012). A jury found Wolf guilty in all nine cases and assessed a sentence and fine against Wolf for each.[1] The judgment recites that the sentences are to run concurrently.

---

[1] Specifically, the charges against Wolf include:

- knowing and unlawful storage of used oil in defective containers (trial court case no. 1271120/appeal no. 01-11-00806-CR, trial court case no. 11721124/appeal no. 01-11-00810-CR, trial court case no. 1271127/appeal no. 01-11-00813-CR, and trial court case no. 1271128/appeal no. 01-11-00814-CR ). In each case, the jury assessed punishment of three years' incarceration and a $20,000 fine.

- knowing and unlawful disposal of industrial solid waste with an aggregate weight of 1,000 pounds or more (trial court case no. 1271121/appeal no. 01-11-00807-CR and trial court case no. 1271122/appeal no. 01-11-00808-CR). In each case, the jury assessed punishment of one year incarceration and a $3,000 fine.

- knowing and unlawful disposal of used oil (trial court case no. 1271123/appeal no. 01-11-00809-CR), for which the jury assessed punishment of three years' incarceration and a $20,000 fine.

- allowing discharge of certain pollutants into or adjacent to water in the State (trial court case no. 127116/appeal no. 01-11-00812-CR), for which the jury assessed punishment of five years' incarceration and a $100,000 fine.

2

On appeal, Wolf contends that his trial counsel rendered constitutionally ineffective assistance by failing to object and request a limiting instruction on testimony divulging that Wolf had a criminal history. We conclude that Wolf fails to meet the *Strickland v. Washington* burden of proof and affirm.

## Background

In 2007, the Houston Police Department sent Officer S. Dicker in response to a call concerning a foul odor emitting from a city drainage ditch. After viewing the property next to the drainage ditch, Officer Dicker called the environmental crimes unit and a hazmat team to assist with the investigation. They found that a large pool of motor oil had formed on the property, which, due to recent rainfall, was migrating into the ditch. They also noticed a large number of tanker trucks, tankers, 55-gallon drums, and buildings on the property. Much of the equipment was rusted and in poor condition. Further investigation revealed that the equipment stored what appeared to be used motor oil, which had begun to leak onto the ground. Sample testing yielded positive findings for petroleum hydrocarbons and other hazardous waste. The TCEQ had not issued any permits for storage of the hazardous waste.

- knowing and unlawful storage and disposal of a characteristically ignitable solid waste (trial court case no. 1271125/appeal no. 01-11-00811-CR), for which the jury assessed punishment of three years' incarceration and a $50,000 fine.

3

Public records showed the landowner was Wolf's father, Clair E. Wolf. Wolf's father had died in February 2006, and the property's condition had fomented an already contentious probate proceeding. According to Wolf's sister, Vennie Wolf, Wolf was responsible for all of the equipment and other materials left on the property.[2]

Police served Wolf with administrative "notices of violation" (NOV's) which contained several aliases for Wolf. Wolf failed to respond to the TCEQ's attempts to address the NOV's, and the TCEQ referred the matter to the Harris County District Attorney. A Harris County grand jury handed down indictments based on the charges set forth in the NOV's.

The State called Officer Dicker as its first witness in the week-long trial. In the course of questioning Officer Dicker about the first time he met with Wolf, the State asked the following:

> Q. What was the purpose of going to meet with the defendant?
>
> A. Serve the defendant with a NOV, notice of violation on the property.
>
> Q. Did you prepare these notices?
>
> A. Yes, sir, I did.
>
> . . . .

---

[2] The estate eventually paid for the environmental remediation.

Q.    And served them on the defendant?

A.    Yes, sir, I did, with his attorney.

Q.    Did he sign these notices?

A.    After advice from his attorney, yes.

. . . .

Q.    Now, Officer Dicker, what was the purpose of these notices of violation?

A.    The purpose of the notices of violation was to advise the defendant that his property violated . . . several sections of the Texas Water Code . . . .

Q,    Now, we have three of these, so just going through each one, first, State's Exhibit No. 74.  First, you have the responsible parties listed here; is that correct?

A.    That's correct.

Q.    And I notice that there are several different names on here. Where did that information come from?

A.    From the defendant's criminal record.

Q.    The property involved, the next item that we're talking about. This first one deals with the property and all the — I guess, the legal property descriptions . . . ?

Wolf's trial counsel did not contemporaneously object to Officer Dicker's reference to Wolf's criminal history.  Wolf did not move for new trial.

## Ineffective Assistance of Counsel

In his sole issue on appeal, Wolf challenges the adequacy of his trial counsel's representation.   In particular, Wolf contends that his trial counsel rendered ineffective assistance by failing to object and request a limiting

5

instruction after the State's witness, Officer Dicker, informed the jury that Wolf had a criminal record. To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) his counsel's performance was deficient and (2) a reasonable probability exists that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 669, 687, 104 S. Ct. 2052, 2055–56, 2064 (1984); *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005). A defendant has the burden to establish both prongs by a preponderance of the evidence; failure to make either showing defeats an ineffectiveness claim. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). We apply a strong presumption that trial counsel was competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We presume trial counsel's actions were reasonably professional and motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Johnson v. State*, 176 S.W.3d 74, 78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). Furthermore, a claim of ineffective assistance must be firmly supported in the record. *Thompson*, 9 S.W.3d at 813. Where the record does not offer an explanation for trial counsel's actions, we must presume that counsel made all significant decisions in the exercise of reasonable professional judgment. *Jackson*, 877 S.W.2d at 771; *Broussard v. State*, 68 S.W.3d 197, 199 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (en banc).

On appeal, Wolf contends that his trial counsel should have obtained a limiting instruction for the single reference to Wolf's criminal record in Officer Dicker's testimony about Wolf's aliases. The State did not raise the alias issue in its questions concerning the other two NOVs or at any other time during the trial. Also, trial counsel's closing argument mitigated the effect of the reference. Trial counsel urged the jury to "remember . . . what we're talking about here. We're talking about making this person an eight-time felon . . . ." Trial counsel reminded the jury that the father's estate paid for the remediation, saying in closing that: "Justice has been done. The greater injustice would be to label this man a felon, send him off to the penitentiary. . . . I ask you to find him not guilty in all accounts." This argument allowed the jury to infer that Wolf had not previously committed a felony and that his criminal history thus would have involved a less serious crime.[3]

Wolf did not allege ineffective assistance in a motion for new trial, so his trial counsel had no opportunity to explain the complained-of conduct. "Although a motion for new trial is not a prerequisite to a successful ineffective assistance of counsel claim, evidence presented at a motion for new trial hearing may offer insight into trial counsel's motives behind his actions and may rebut the strong presumption of reasonable professional assistance." *Edwards v. State*, 280 S.W.3d

---

[3] During the punishment phase, the jury learned that Wolf had a prior misdemeanor conviction for cruelty to animals.

441, 443 (Tex. App.—Fort Worth 2009, pet. ref'd). Without a sufficient record, an appellant cannot overcome the presumption that counsel's actions were motivated by sound trial strategy. *See Tong v. State*, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000) (en banc) ("[W]ithout some explanation as to why counsel acted as he did, we presume that his actions were the product of an overall strategic design."), *cert. denied*, 532 U.S. 1053, 121 S. Ct. 2196 (2001); *Broussard*, 68 S.W.3d at 199–200. The record is silent as to why Wolf's counsel raised no objection. Under well-settled law, the decision not to object can sometimes be justified as part of a sound trial strategy aimed at avoiding drawing the jury's attention to adverse testimony. *See Darby v. State*, 922 S.W.2d 614, 623–24 (Tex. App.—Fort Worth 1996, pet. ref'd). We may not speculate on counsel's motive in the face of a silent record. *See Ex parte Varelas*, 45 S.W.3d 627, 632 (Tex. Crim. App. 2001) (reviewing court may not speculate as to why trial counsel failed to request limiting instruction when record is silent, even if court has difficulty understanding counsel's inaction). Here, we presume that trial counsel believed it more effective to address the issue in closing argument than to draw more attention to Wolf's criminal record by asking the judge for a limiting instruction. That decision would constitute a sound trial strategy. Accordingly, we reject Wolf's ineffective assistance claim and affirm the judgment of the trial court.

## Conclusion

We conclude that Wolf has not carried his burden to prove that trial counsel rendered ineffective assistance. We therefore affirm.

<div style="margin-left:50%">

Jane Bland
Justice
</div>

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).