

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-12-00856-CR

Daniel Miley **SMITH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR2191
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  November 13, 2013

AFFIRMED AS REFORMED

Appellant Daniel Miley Smith was convicted of aggravated robbery and credit card abuse and sentenced to confinement for a period of forty years and eight years, respectively, in the Texas Department of Criminal Justice.  Smith contends the evidence is legally insufficient to support the jury's aggravated robbery verdict and the trial court erred in assessing attorney's fees to an indigent offender.  We affirm the trial court's judgment.

**BACKGROUND**

On September 7, 2010, at approximately two o'clock in the afternoon, seventy-four year old David Goodrich was ordering at the drive-through of a Popeye's Chicken restaurant. A ten-dollar bill was in Goodrich's hand and his wallet was on the front-passenger seat when an individual stuck a gun approximately a foot to a foot-and-a-half from his face and took the money. The assailant demanded Goodrich's wallet and car keys; however, the assailant conceded to Goodrich's request not to take the car and ran off with Goodrich's wallet in the direction of a nearby apartment complex.

A Popeye's employee notified the San Antonio Police Department. When officers arrived, Goodrich relayed the events to the officers and provided a physical description of the assailant. Goodrich described the assailant as wearing a reddish-colored, light nylon, long-sleeved jacket. He further identified the assailant as approximately five-foot eight inches, 140 pounds, somewhere between eighteen and twenty-five years of age, and having a short haircut. Goodrich described the weapon as a black-and-silver automatic pistol, as compared to a revolver. Shortly thereafter, Goodrich's credit card company alerted when an individual attempted to use Goodrich's credit card to purchase a laptop computer at the Hill Country Pawn and Jewelry.

Tom Solis, a Hill Country Pawn and Jewelry employee, testified that he was unable to complete the sales transaction when an individual, later identified as Daniel Smith, did not have identification to use the credit card presented bearing the name David Goodrich. A security surveillance video was given to the officers. Detective Tony Wilson prepared a photographic line-up from driver's license photographs of individuals living in the vicinity of the pawn shop. The line-up was shown to Goodrich and he identified Smith as his assailant.

The officers also contacted Christina Valle, Smith's former live-in girlfriend. Valle told the officers that after Smith moved out of her residence, she had reported a missing firearm—a

nine-millimeter black-and-silver automatic Taurus pistol. Valle identified a photograph of a pistol she indicated looked similar to her missing weapon. Monika Smith, a subsequent girlfriend, further confirmed Smith's possession of a black-and-silver automatic pistol. Monika testified that she overheard Smith attempting to sell two firearms and that he was always in need of money.

### SUFFICIENCY OF THE EVIDENCE

Smith first challenges the sufficiency of the evidence to support his aggravated robbery conviction.

### A. Standard of Review

In reviewing the legal sufficiency of the evidence, an appellate court determines whether, viewing "all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Hardy v. State*, 281 S.W.2d 414, 421 (Tex. Crim. App. 2009); *accord Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We must defer to the jury's assessment of the credibility of the witnesses "and the weight to be given to their testimony," *Brooks*, 323 S.W.3d at 899, and allow for reasonable inferences from the evidence presented. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979) (stating that "the jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony" except where provided otherwise by law); *Jackson*, 442 U.S. at 319 (reiterating it is strictly the province of the jury "fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts"). In so doing, an appellate court presumes that the jury "resolved the conflicts in favor of the prosecution and therefore defer to that determination." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The key question is whether "the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *See Williams*, 235 S.W.3d at 750. Only upon a finding the evidence is legally insufficient will this court reverse the trial court's judgment and order an acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41 (1982); *Brooks*, 323 S.W.3d at 904. This legal sufficiency standard applies equally to both direct and circumstantial evidence. *Clayton*, 235 S.W.3d at 778; *King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000).

## B. Aggravated Robbery

Smith does not argue the evidence is inadequate to demonstrate the crime of aggravated robbery was committed. Instead, he contends there is no credible evidence connecting him to the offense. Specifically, he contends (1) only Goodrich identified him as the assailant, (2) neither the weapon nor the wallet was recovered, (3) the suspect's clothes were never recovered, and (4) no DNA or fingerprint comparison connected him to the offense. Although Smith acknowledges using Goodrich's credit card at the pawn shop, he argues that possession and use of the credit card does not establish he committed the robbery in question.

"A person commits [robbery] if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he . . . intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2011); *see Sosa v. State*, 177 S.W.3d 227, 231 (Tex. App.—Houston [1st Dist.] 2005, no pet.). "A person commits [aggravated robbery] if he commits robbery . . . and he . . . uses or exhibits a deadly weapon . . . ." TEX. PENAL CODE ANN. § 29.03(a)(2); *see Sosa*, 177 S.W.3d at 231.

A conviction for aggravated robbery may be based on the testimony of a single eyewitness. *Johnson v. State*, 176 S.W.3d 74, 77–78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *see also Sosa*, 177 S.W.3d at 230 (holding the evidence was legally sufficient where witness identified defendant based on his build, clothing, and height). Additionally, "circumstantial evidence alone

- 4 -

can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *see Laster v. State*, 275 S.W.3d 512, 520 (Tex. Crim. App. 2009).

**C.    Analysis**

Goodrich identified Smith in a photo line-up as well as in front of the jury. Smith asserts the identification was nullified by media coverage. Yet, on cross-examination, Goodrich adamantly denied watching any television coverage prior to his identification of Smith. Goodrich's identification was also corroborated by other testimony. The weapon "owned" by Smith matched the gun Goodrich described to officers. Smith was in possession of, and attempted to use, Goodrich's credit card shortly after the incident explaining "[the card] was his father's card and that his father was ill and could not come in." *See Rollerson v. State*, 227 S.W.3d 718, 724–25 (Tex. Crim. App. 2007) ("[A] defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary."). Furthermore, Smith's argument that the officers were unable to positively identify Smith from fingerprints or DNA on the laptop computer does not preclude Smith as the individual who attempted to purchase the laptop computer.

Here, the jury had an opportunity to assess Goodrich's and the other witnesses' credibility and make reasonable inferences therefrom. *See Brooks*, 323 S.W.3d at 899; *Williams*, 235 S.W.3d at 750. The basic record indicates a person looking like Smith, matching his general build and age, used Goodrich's credit card shortly after the robbery. Images on the surveillance video were available for the jury during testimony. Smith was in possession of a similar weapon and lived in the general area.

Viewing the evidence "in the light most favorable to the verdict," a rational jury could have inferred the ultimate fact that Smith was the individual who committed the aggravated robbery of

David Goodrich. *See Brooks v. State*, 323 S.W.3d at 899; *Louis v. State*, 159 S.W.3d 236, 247–48 (Tex. App.—Beaumont 2005, pet. ref'd). Accordingly, we overrule Smith's first issue on appeal.

### ATTORNEY'S FEES

Smith next contends the trial court erred in assessing attorney's fees. The trial court judgment imposed confinement, and assessed $334.00 in court costs plus attorney's fees. Smith asserts his indigency based on his December 19, 2012, pro se Motion for Appointment of Counsel on Appeal. Yet, the attorney's fees about which he complains were those assessed at the trial court judgment, prior to any appeal. The record before this court does not contain an affidavit of indigency for appointment of counsel before the trial. *See* TEX. CODE CRIM. PROC. ANN. 26.05(g) (West Supp. 2013); *Wiley v. State*, No. 1728-12, 2013 WL 5337093, at *2 (Tex. Crim. App. Sept. 25, 2013). The record does, however, include a Motion to Withdraw as Attorney of Record which states the attorney was court-appointed to represent Smith in trial. Accordingly, we conclude the record supports that Smith was indigent and unable to employ counsel. *See Wiley*, 2013 WL 5337093, at *2 (explaining that a defendant previously found indigent is presumed to remain indigent).

Because the record indicates that Smith was unable to pay for his legal representation, the trial court erred in ordering reimbursement of appointed counsel's fees. When a "trial court imposes an invalid condition [in its judgment], the proper remedy is to reform the judgment by deleting the invalid condition." *Belt v. State*, 127 S.W.3d 277, 281 (Tex. App.—Fort Worth 2004, no pet.); *accord Slaughter v. State*, 2-04-050-CR, 2005 WL 183142, at *2 (Tex. App.—Fort Worth Jan. 27, 2005, no pet.) (mem. op., not designated for publication). Accordingly, we reform the judgment on the convicted offense of aggravated robbery to delete the language requiring Smith to pay attorney's fees.

Having overruled Smith's sufficiency issue and sustained his issue regarding attorney's fees, we affirm the trial court's judgment as reformed.

Patricia O. Alvarez, Justice

PUBLISH