

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00862-CR

Martin **SANDOVAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 340498
Honorable Scott Roberts, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  April 23, 2014

AFFIRMED AS MODIFIED

Martin Sandoval appeals his conviction for driving while intoxicated. In his first issue, Sandoval contends he received ineffective assistance of counsel. Specifically, Sandoval claims trial counsel was ineffective by failing to use a peremptory challenge or preserve error when a panel member served on the jury after counsel's challenge for cause was overruled. In his second issue, Sandoval argues the evidence was legally insufficient to support the trial court's order assessing court-appointed attorney's fees. We affirm the trial court's judgment, but modify it to delete the assessment of court-appointed attorney's fees.

## BACKGROUND FACTS

During general jury voir dire, the prosecutor asked if panel members believed it was okay to have two to three glasses of wine at dinner and then drive home so long as you are not over the legal limit. All panel members were given an opportunity to respond. Later, juror number 7 was brought back to the courtroom for individual questioning and was asked by defense counsel to elaborate on his response. Juror number 7 clarified his position by saying that he believes if you drive home after having two to three drinks at dinner, and if it's outside the legal limit, it would be wrong. He went on to explain that he believed some people can have two to three drinks and still be within the legal limit. When neither the State nor the defense had further questions, juror number 7 asked the judge if he could ask a question. He then proceeded to tell the judge that he had been in an accident with a person who was drunk and under the influence of drugs, "if that makes a difference." The judge asked juror number 7 if that "would keep [him] from listening to all the evidence with an open mind and then rendering a fair and impartial decision, following the law as provided to [him] by the Court?" Juror number 7 responded, "No. And I can tell you that it ended a longtime career of mine. But it's not something that I pursued legally against him, just let the system take it and run with it. So I still feel I can be impartial."

In response to questioning by defense counsel, juror number 7 said he had not been able to walk or talk after having surgery and that he had to learn how to pick up pens off a table and write his name. Juror number 7 added, "[i]t was considerable, and that's why I mentioned it, you know, do you have a problem with that. But I don't have a problem being—I still feel that I'm able to be fair, listen to facts—I think I was just trained that way and I trained my employees that way for many years." According to juror number 7, the longtime career that was ended by his accident was managing insurance agents.

Defense counsel then challenged juror number 7 for cause, citing the extent of his injuries that ended his career. The State responded that juror number 7 had made it clear he could be fair and impartial. The trial court denied the challenge for cause. After the parties made their peremptory challenges off the record, the jury was seated, including juror number 7.

### INEFFECTIVE ASSISTANCE OF COUNSEL

We measure a claim of ineffective assistance of counsel against the two-prong test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984*). See Hernandez v. State*, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986) (applying *Strickland* test). A person claiming that counsel was ineffective must prove, by a preponderance of the evidence, that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012). Further, we indulge in a strong presumption that counsel's conduct fell within the wide range of reasonable assistance and that the challenged action might be considered sound trial strategy. *Id*. "The mere fact that another attorney might have pursued a different tactic at trial does not suffice to prove a claim of ineffective assistance of counsel." *Id*. "The *Strickland* test is judged by the 'totality of the representation,' not by counsel's isolated acts or omissions, and the test is applied from the viewpoint of an attorney at the time he acted, not through 20/20 hindsight." *Id*. Thus, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*,

77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id.*; *Thompson*, 9 S.W.3d at 813. In the majority of cases, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel. *Bone*, 77 S.W.3d at 833. Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Id*.

The appellant must not only show that his attorney's performance was deficient, *i.e.*, that his assistance fell below an objective standard of reasonableness. *Thompson*, 9 S.W.3d at 812. Assuming the appellant has demonstrated deficient assistance, it is also necessary to affirmatively prove prejudice. *Id*. To affirmatively prove prejudice, the appellant must show a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

### CHALLENGE FOR CAUSE

The test on a challenge for cause is whether bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with the law. *Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009). To preserve error on a challenge for cause, a defendant must (1) assert a clear and specific challenge for cause; (2) use a peremptory challenge on the complained-of venire member; (3) exhaust all of his peremptory challenges; (4) request and be denied additional peremptory challenges; and (5) be forced to accept an objectionable juror on the jury. *Green v. State*, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996).

**DISCUSSION**

Sandoval contends that trial counsel was ineffective for failing to exercise a peremptory challenge on juror number 7 after the trial court denied Sandoval's challenge for cause. According to Sandoval, there was no plausible reason for failure to do so because of the life-changing injury juror number 7 had suffered at the hands of an intoxicated driver. Sandoval points out the severity of juror number 7's injuries and the fact that juror number 7 was concerned enough that he volunteered the information on his own. Sandoval argues that had his trial counsel exercised a peremptory challenge on juror number 7, and if this caused him to accept another juror he considered unacceptable, he should have requested an additional strike. Failing to take these steps, according to Sandoval, satisfies the first prong of *Strickland*.

The State counters that because the record is silent as to trial counsel's strategy in deciding not to strike juror number 7, the appellate court would have to engage in speculation in order to find trial counsel ineffective.

The Texas Court of Criminal Appeals has considered this issue in a series of cases, beginning with *Delrio v. State*, 840 S.W.2d 443 (Tex. Crim. App. 1992). In *Delrio*, the defendant was convicted of cocaine possession with intent to deliver. During jury selection, defense counsel failed to challenge a venireman, an ex-narcotics officer who knew the defendant and who stated he could not be impartial. Nevertheless, the Court of Criminal Appeals found the record insufficient to overcome the presumption that "counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that he 'made all significant decisions in the exercise of reasonable professional judgment.'" *Id*. at 447 (quoting *Strickland*, 466 U.S. at 690).

Next, in *Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994), a robbery case, defense counsel failed to challenge a venireman who had been a burglary victim and who stated that the burglary would probably have an impact on his impartiality. The Court of Criminal Appeals noted

that, in *Delrio*, "the record was silent as to the reasons for defense counsel's decision not to challenge [the venireman], and citing the strong presumption in *Strickland* against a finding of ineffective assistance, we determined the record insufficient to overcome that presumption." *Id*. at 771. Then, turning to the record before it, the Court of Criminal Appeals stated it also was silent as to why trial counsel failed to challenge the venireman whose impartiality was in question. *Id*. "To hold trial counsel's decision not to strike or challenge [the venireman who could probably not be impartial] in the instant case as ineffective assistance would also call for speculation." *Id*.

Finally, in *State v. Morales*, 253 S.W.3d 686 (Tex. Crim. App. 2008), one of the veniremen who served on the jury was a prosecutor in the same district attorney's office that was prosecuting the case. The trial court denied the defense attorney's challenge for cause, and the attorney failed to preserve error, if any, because he did not exercise a peremptory challenge on the prosecutor. The Court of Criminal Appeals found that, even assuming the prosecutor was biased, "that does not mean that the appellant's trial counsel could not have made a legitimate tactical decision *not* to exercise a peremptory challenge in order to preserve the trial court's error in overruling his challenge for cause for appeal." *Id*. at 696 (emphasis in original). The Court of Criminal Appeals further stated that because the right to an impartial jury is a right to be exercised at the option of the defendant, it is also subject to the legitimate strategic or tactical decision-making processes of defense counsel during trial. *Id*. at 697. Comparing the case before it to *Delrio*, the Court of Criminal Appeals noted that in *Delrio*, the prospective juror admitted to an actual bias whereas the prosecutor's bias in the case before it had to be presumed or implied. *Id*. Yet, the Court of Criminal Appeals noted that in *Delrio* it held that

> Delrio's defense attorney could legitimately make a tactical decision, consistent with the Sixth Amendment guarantee of effective assistance of counsel, not to challenge a prospective juror for cause who was *actually* biased against his client. If it is permissible for trial counsel to retain a juror who is *actually* biased for strategic or tactical reasons, then *a fortiori*, trial counsel must be permitted to make

a strategic or tactical decision to retain a juror who is only *presumably* biased by virtue of her status as an assistant district attorney.

*Id*. at 698 (emphasis in original).

In *Cervenka v. State*, No. 04-10-00279-CR, 2011 WL 1849639 (Tex. App.—San Antonio May 11, 2011, no pet.) (mem. op., not designated for publication), this court was faced with a similar ineffective assistance of counsel claim in a sexual assault and indecency with a child case. On appeal, Cervenka argued his attorney rendered ineffective assistance by failing to strike two veniremen. During voir dire, one of the veniremen said he could not consider the minimum punishment of two years' probation for someone convicted of indecency with a child, and he also indicated he might feel someone is guilty simply because he is charged with a sex crime. Another venireman indicated that he believed a child is not likely to lie about sexual abuse. We relied on *Delrio*, *Jackson*, and *Morales*, and found that

[e]ven if we were to assume the record demonstrates [the two jurors] were biased against Cervenka, the record is completely silent as to trial counsel's reasons for not challenging them for cause or using peremptory strikes against them. Cervenka has not provided a record that affirmatively demonstrates the alleged ineffectiveness and therefore has not sustained his burden to show counsel's performance was deficient.

*Id*., at *3-4. We then affirmed the trial court's judgment.

Likewise, in the case before us, the record is silent with regard to trial counsel's reasons for not exercising a peremptory challenge on juror number 7 or preserving error after the challenge for cause was denied. We must presume Sandoval's trial counsel made all significant decisions in the exercise of reasonable professional judgment. *See Delrio*, 840 S.W.2d at 447. We simply cannot speculate. *See Jackson*, 877 S.W.2d at 771. Sandoval has not provided a record that shows the alleged ineffectiveness and, therefore, he has failed to satisfy the first prong of *Strickland*.

Further, even if we were to assume that Sandoval's trial attorney was ineffective in not exercising a peremptory challenge on juror number 7 or preserving error after the challenge for

cause was denied, he still has not satisfied the second prong of *Strickland*—prejudice. In order to show prejudice, Sandoval must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Thompson*, 9 S.W.3d at 812. In his brief, Sandoval urges us to find prejudice, stating that "[b]ecause of the severe injury to himself and his career caused by an intoxicated driver, [juror number 7] should never have been permitted to serve on a jury that judged Martin Sandoval for driving while intoxicated." This conclusory statement points to nothing in the record to show that the outcome would have been different if trial counsel had handled jury selection any differently. Thus, Sandoval has failed to satisfy the second prong of *Strickland*. *See id.*

## COURT-APPOINTED ATTORNEY'S FEES

In his second issue, Sandoval argues the evidence was legally insufficient to support the trial court's order assessing court-appointed attorney's fees. The State concedes that there is nothing in the record to show Sandoval's financial circumstances materially changed since he was appointed an attorney and, therefore, the evidence was insufficient to support the trial court's order for Sandoval to pay court-appointed attorney's fees. *See Smith v. State*, 421 S.W.3d 161, 165 (Tex. App.—San Antonio 2013, no pet.) (reforming the judgment to delete language requiring the appellant to pay court-appointed attorney's fees).

The judgment assesses $1,112.00 in court costs against Sandoval. The record shows these court costs include $500.00 in court-appointed attorney's fees. Therefore, we modify the judgment to assess $612.00, rather than $1,112.00, in court costs against Sandoval. We affirm the judgment as modified.

Karen Angelini, Justice

Do not publish