

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00650-CR

Rebecca J. **DESROCHERS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR9328
Honorable Melisa Skinner, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  September 5, 2018

AFFIRMED

A jury found Appellant Rebecca Desrochers ("Desrochers") guilty of aggravated assault with a deadly weapon, and the trial court assessed punishment at confinement for five years. In a single issue on appeal, Desrochers argues the evidence is legally insufficient to support the jury's verdict. We affirm the trial court's judgment.

## Background

Diana Nava attended a party at her sister's townhouse in east San Antonio on the evening of April 22, 2016. When the party began winding down, Nava stepped out onto the front porch

with two of her friends and her cousin. At the time, Nava saw Desrochers sitting on her front porch next door. Desrochers and Nava had a verbal altercation, and Desrochers told Nava she was going to "kick [Nava's] ass." As Nava turned around to go back inside the townhouse, she heard approximately four gun shots. Nava was struck by bullets in the upper back and neck. A lead fragment lodged in the windshield of a truck parked in front of the two porches. The party guest who owned the truck testified the lead fragment was not present in the windshield prior to the party.

Nava's cousin, Jasmine Cervantes, was inside the townhouse when she heard Nava and Desrochers arguing outside. Cervantes walked outside onto the porch, where Nava was standing with two of her friends. Immediately before the shooting, Cervantes heard Nava's friend say "Oh, my God, she has a gun," and then Cervantes "saw a bright and loud." Cervantes saw Desrochers stand up from her wheelchair, turn toward Nava, and pull out a gun. Because it was dark, Cervantes only saw the outline of the gun and explained she could not say what the gun looked like or if it was a specific color. Cervantes ran from the porch and, as she did so, saw Desrochers walk back into her townhouse.

San Antonio Police Officer Kody Patterson was in the area and heard gunshots. Officer Patterson was then dispatched to the scene, where he observed Nava's injuries and called for an ambulance. Officer Patterson walked Nava down the street to the ambulance when it arrived and then returned to the townhouses. Officer Patterson observed that Desrochers had been taken into custody and "was just pretty belligerent, aggressive, violent, yelling." Desrochers was trying to kick the arresting officers, and "[i]t took two officers to get her into the patrol car just because of her flailing." Officer Patterson indicated in his report that the weapon used to shoot Nava was a handgun, but he did not personally recover any guns from the scene.

San Antonio Police Detective Corey Peña was the night criminal investigations detective on duty on the night Nava was shot. Detective Peña was dispatched to the scene to conduct the initial investigation and to consult with and provide guidance to police officers at the scene. Detective Peña was on the scene when police searched Desrochers's townhouse and found a rifle behind a large dresser in the living room. No other guns were recovered from the scene. Detective Peña also indicated in his report that the weapon used to shoot Nava was a handgun.

Steve Saucedo is a forensic scientist in the firearm section of the Bexar County Crime Lab. Saucedo testified the rifle found in Desrochers's living room is a revolver carbine capable of firing both .22 long rifle and .22 magnum calibers. Saucedo was unable to determine whether the gun had been fired recently or whether the lead fragment retrieved from the windshield of a truck at the scene was ammunition fired from a gun.

San Antonio Police Detective Mark Esquivel administered a gun shot residue ("GSR") test on Desrochers's hands. Michael Martinez, the forensic scientist supervisor for the Bexar County Criminal Investigation Laboratory, analyzed the results of the GSR test performed on Desrochers and did not find any gun shot residue. Martinez explained that not finding gun shot residue is not unusual even in cases where it is known that the test subject recently fired a gun.

## Discussion

In a single issue on appeal, Desrochers argues the evidence presented at trial is legally insufficient to support the conviction.

### A.  Standard of review

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015). Direct and

circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction if the cumulative force of all the incriminating circumstances supports the verdict. *Ramsey*, 473 S.W.3d at 809. "The trier of fact is the exclusive judge of the credibility and weight of the evidence and is permitted to draw any reasonable inference from the evidence so long as it is supported by the record." *Id.* We are mindful that we may not sit as a thirteenth juror and substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

**B.     Aggravated assault with a deadly weapon**

The jury convicted Desrochers of aggravated assault with a deadly weapon, namely: a firearm. A defendant commits an assault if she "intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2017). The assault is aggravated if the defendant uses or exhibits a deadly weapon during the assault. *Id.* § 22.02(a)(2). A deadly weapon is one that "in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(a)(17)(B) (West Supp. 2018). "Serious bodily injury" is "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46). "Bodily injury" is "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8).

**C.     Analysis**

On appeal, Desrochers argues the evidence is legally insufficient to support the conviction because: (1) "convictions should not be based solely on eye witness identification"; (2) no physical evidence linked Desrochers to firing or possessing a handgun; (3) the weapon used to shoot Nava was not recovered; (4) there was no gunshot residue on Desrochers's hands; (5) the area where the

shooting occurred is known for frequent shootings; and (6) Desrochers's mobility issues would have prevented her from standing to shoot and then hide a weapon.

First, because the jury is the exclusive judge of the credibility of witnesses and the weight of the evidence, the testimony of a single eyewitness can be enough to support a conviction. *Smith v. State*, 421 S.W.3d 161, 164 (Tex. App.—San Antonio 2013, no pet.). Here, Jasmine Cervantes was standing near Nava when Nava was shot. Cervantes testified she saw Desrochers pull out a gun and then saw "a bright and loud." Cervantes testified she saw "the outline of a gun" in Desrochers's hands, although she could not describe the gun because it was dark. Cervantes did not testify whether the gun she saw was a handgun or another type of gun.

Second, the evidence may be sufficient to support a conviction even where there is no physical evidence linking the defendant to the crime. *Johnson v. State*, 176 S.W.3d 74, 77 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (holding evidence legally sufficient to support conviction for aggravated robbery where complaining witness identified defendant despite lack of physical evidence linking defendant to offense); *Garza v. State*, No. 04-16-00111-CR, 2016 WL 6609205, at *2 (Tex. App.—San Antonio Nov. 9, 2016, no pet.) (mem. op.). In *Garza*, for instance, this court held the evidence was legally sufficient to support the defendant's conviction for felony murder where several witnesses testified the defendant was the shooter, although the result of gunshot residue testing on the defendant's hands was inconclusive. 2016 WL 6609205, at *2–3. Similarly, here, Cervantes testified she saw Desrochers pull out a gun immediately before Nava was shot. Although no gunshot residue was found on Desrochers's hands, a forensic scientist with the Bexar County Criminal Investigation Laboratory testified the absence of gunshot residue is not unusual even in cases where it is known that the test subject recently fired a gun.

Third, Desrochers argues the weapon used to shoot Nava was never recovered. However, the State did not allege the specific type of gun that was used to shoot Nava; rather, the State

charged Desrochers with using "a firearm." Witnesses testified a revolver carbine rifle was found in Desrochers's living room immediately after the shooting, and the only witness who testified that she saw Desrochers shoot Nava (Cervantes), testified she could not describe the gun Desrochers was holding because it was dark. *See Smith*, 421 S.W.3d at 164 (holding testimony of a single eyewitness can be enough to support a conviction).

Finally, there was no testimony or evidence presented during the guilt/innocence phase of the trial regarding Desrochers's alleged mobility issues. Cervantes testified she saw Desrochers stand up from her wheel chair to shoot Nava and then walk back into her townhouse. Officer Patterson testified Desrochers kicked at the arresting officers and flailed so much that two officers were required to place her in a patrol car.

Therefore, viewing all of the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found beyond a reasonable doubt that Desrochers used a deadly weapon to intentionally, knowingly, or recklessly cause serious bodily injury to Nava. *See Ramsey*, 473 S.W.3d at 808. Desrochers's sole issue on appeal is overruled.

### Conclusion

Because we conclude the evidence is legally sufficient to support the jury's verdict, we affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH